ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
AUG - 4 2006
U.S. COURT OF FEDERAL CLAIMS

CHRISTOPHER R. PHILLIPS

Plaintiff,

v.

THE UNITED STATES,

Defendant.

NO. 06-509 C

Judge Emily C. Hewitt

---

**COMPLAINT**

Plaintiff, CHRISTOPHER R. PHILLIPS, (hereinafter referred to as "Phillips") sues the Defendant, MICHAEL L. DOMINGUEZ, Acting Secretary, DEPARTMENT OF THE AIR FORCE, (hereinafter referred to as the "Agency"), and alleges as follows:

*JURISDICTION AND VENUE*

1. This is an action to enforce the terms of a settlement agreement entered into by and between the Plaintiff and the Defendant, to settle Plaintiff's complaint of gender discrimination made against the Defendant, pursuant to Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and, the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Plaintiff has exhausted all required administrative remedies and was issued a right to sue by the Equal Employment Opportunity Commission, Office of Federal Operations, on August 3, 2005.

4. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to

42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

*PARTIES*

5. Plaintiff is an adult male citizen and is a resident of Okaloosa County, Florida. He is employed by the United States Air Force, as a GS-12 Systems Engineer.

6. Defendant, Department of the Air Force is a federal agency and is an employer within the meaning of 42 U.S.C. §2000e-(b).

*FACTS*

7. On June 24, 2003, Phillips contacted an Agency Equal Employment Opportunity (EEO) Counselor regarding allegations of gender discrimination and harassment.

8. On February 9, 2004, Phillips filed a formal complaint of discrimination with the Agency EEO office, alleging gender discrimination and harassment.

9. On March 4, 2004, Phillips and the Agency entered into a settlement agreement, in which Phillips agreed to withdraw his complaint of discrimination, in exchange for the following action by the Agency:

a. Reassign Phillips' supervisor within 60 calender days;

b. Submit Phillips for a Quality Step Increase (QSI);

c. Research availability of tuition assistance for Phillips to pursue an M.B.A.;

d. Look for reassignment for Phillips to another position out of his branch that has career advancement potential; and,

e. Keep Phillips apprised of the progress, at least monthly.

10. Plaintiff agreed to the reassignment set forth in paragraph "d" of the agreement, because he was told by the Agency that his position was being abolished.

11. Phillips relied upon the Agency's representations that his position was being abolished when he agreed to be reassigned.

12. In May 2004, the Agency reassigned Phillips from his GS-0855-12 position to a GS-0855 position in another organization, pursuant to paragraph "d" of the settlement agreement.

13. The position to which Phillips was reassigned has no career advancement potential.

14. On or about September 27, 2004, the Agency upgraded Phillips former position and advertised the vacancy as a GS-0801-13 position.

15. Phillips applied for the GS-0801-13 position. On October 25, 2004, he was referred on the certificate of candidates issued to Agency management for consideration of placement into the GS-0801-13 position.

16. On or about November 18, 2004, Phillips learned that he was not selected for the position and that the certification process was not used. Another employee was reassigned to fill the vacant GS-0801 position.

*COUNT I*
*(Breach of Settlement Agreement)*

17. Phillips repeats and realleges each and every allegation contained in paragraphs 1 through 16 of this complaint with the same force and effect as if set forth herein.

18. The Agency's conduct set forth above constitutes a breach of the settlement agreement by fraudulently advising Phillips that his position was being abolished and by failing to place him in a position that has career potential.

19. Phillips is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

*SECOND CAUSE OF ACTION*
*(Fraudulent Inducement)*

20. Phillips repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this complaint with the same force and effect as if set forth herein.

21. The Agency made false and fraudulent representations to Phillips to induce him enter into the settlement agreement.

22. Phillips relied upon the representations made by Agency to his detriment.

23. Phillips is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

*PRAYER FOR RELIEF*

WHEREFORE, plaintiff respectfully requests this Court to enter a judgment:

(a) Enforcing the terms of the settlement agreement by placing Phillips in his former, now upgraded, GS0801-13 position;

(b) Directing the Agency to take such affirmative action as is necessary to ensure that the terms of the settlement agreement are enforced;

(d) Directing defendant to place plaintiff in the position he would have occupied but for Agency's fraudulent inducement and make him whole for all earnings he would have received but for defendant's fraudulent inducement, including but not limited to, wages, pension, and other lost benefits.

(e) Awarding plaintiff compensatory damages;

(f) Awarding plaintiff the costs of this action together with a reasonable attorney's fees, as provided by Title VII and the Civil Rights Act of 1991;

(g) Granting such other and further relief as the Court deems just and proper in the premises.

*DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Respectfully submitted,

R. JOHN WESTBERRY
1308 Dunmire Street, Suite B
Pensacola, Florida 32504
(850) 473-0401
Florida Bar No. 244661

Attorney for the Plaintiff
CHRISTOPHER R. PHILLIPS