06-509C
Judge Hewitt

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CHRISTOPHER PHILLIPS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 353-4175

OF COUNSEL:

RYAN J. LAMBRECHT
Trial Attorney
Air Force Legal Operations Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, V.A. 22209-2403

November 3, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

PAGE

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT . . . . . . . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. Legal Standards Pursuant To RCFC 12(b)(1) And 12(b)(6) . . . . . . . . . . . . . . . . . 6

II. This Court Does Not Possess Jurisdiction Over Mr. Phillips' Claim For Breach Of A Title VII Settlement Agreement, Or Alternatively, Mr. Phillips Fails To State A Claim For Breach Of A Title VII Settlement Agreement . . . . 7

III. The Alleged Breach Of The EEO Settlement Agreement Is Not The Proximate Cause Of The Damages Claimed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IV. Mr. Phillip Has Failed To State A Claim For Fraudulent Inducement Because He Fails To Allege The Government Breached A Contract . . . . . . . . . . . . . . . . 15

V. Mr. Phillips Is Not Entitled To Attorney Fees Pursuant To Title VII, Nor Is He Entitled To A Jury Trial In The Court Of Federal Claims . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . 3, 6

Bradley v. Chiron Corp.,
136 F.3d 1317 (Fed. Cir. 1998) . . . . . . . . . . 3, 6

Brown v. General Servs. Admin.,
425 U.S. 820 (1976) . . . . . . . . . . 3, 8

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . 3, 7

Fausto v. United States,
16 Cl. Ct. 750 (1989) . . . . . . . . . . 9

First Hartford Corp. v. United States,
194 F.3d 1279 (Fed. Cir. 1999) . . . . . . . . . . 3, 11

Frahm v. United States,
2005 WL 1528421 (W.D. Va. June 23, 2005) . . . . . . . . . . 12

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
463 U.S. 1 (1983) . . . . . . . . . . 3, 6

Griswold v. United States,
61 Fed. Cl. 458 (2004) . . . . . . . . . . 3, 8, 11, 12

Hansson v. Norton,
411 F.3d 231 (D.C. Cir. 2005) . . . . . . . . . . 3, 10

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . 3, 6

Hughes Communications Galaxy, Inc. v. United States,
271 F.3d 1060 (Fed. Cir. 2001) . . . . . . . . . . 3, 14

Kokkonen v. Guardian Life Ins. Co. of Am.,
511 U.S. 375 (1994) . . . . . . . . . . 3, 7, 9

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

Lee v. United States,
33 Fed. Cl. 374 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Martin v. United States,
31 Fed. Cl. 756 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Massie v. United States
166 F.3d 1184 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Military Claims Act ("MCA").,
166 F.3d 1184 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 10

Mitchell v. United States,
44 Fed. Cl. 437 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

Morley v. Potter,
2005 WL 2406161 (W.D. Wash. Sept.29, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

New York Life Ins. Co. v. United States,
118 F. 3d 1553 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

Ponder v. United States,
117 F.3d 549 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

San Carlos Irrigation and Drainage Dist. v. United States,
111 F.3d 1557 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

San Carlos Irrigation and Drainage Dist. v. United States,
877 F.2d. 957 (Fed. Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

**TABLE OF AUTHORITIES**

**CASES** **PAGE(s)**

Schnelle v. United States,
69 Fed.Cl. 463 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 12

Taylor v. United States,
54 Fed. Cl. 423 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

Taylor v. United States,
2006 WL 2949283 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Fausto,
484 U.S. 439 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 12

United States v. Newport News Shipbuilding & Dry Dock Co.,
933 F.2d 996 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

Villier v. United States,
17 Cl. Ct. 341 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

W & F Bld. Maint. Co. v. United States,
56 Fed. Cl. 62 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Wells Fargo Bank, N.A. v. United States,
88 F.3d 1012 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

Westover v. United States,
71 Fed. Cl. 635 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Wilson v. United States,
58 Fed. Cl. 760 (2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . 5, 6

Wilson v. United States,
405 F.3d 1002 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

## TABLE OF AUTHORITIES

**STATUTES AND REGULATIONS** **PAGE(s)**

5 U.S.C. § 3330a et seq . . . . . . . . . . 5

5 U.S.C. § 5596(b)(1) . . . . . . . . . . 5, 13

28 U.S.C. § 1331 . . . . . . . . . . 7

28 U.S.C. § 1491(a)(1) . . . . . . . . . . 5, 7

28 U.S.C. § 1491(b)(2) . . . . . . . . . . 12

38 U.S.C. § 4311 et seq . . . . . . . . . . 5

42 U.S.C. § 2000e-5 . . . . . . . . . . 5, 16

42 U.S.C. §§ 2000e-5, 2000e-16 . . . . . . . . . . 8

42 U.S.C. § 2000e-16 . . . . . . . . . . 5

42 U.S.C. § 2000e-16 . . . . . . . . . . 7

29 C.F.R § 1614.405(b) . . . . . . . . . . 5

29 C.F.R. § 1614.504 . . . . . . . . . . 3, 4, 5, 12

**MISCELLANEOUS**

Pub. L. No. 103-353, 108 Stat. 3149 . . . . . . . . . . 5

Pub. L. No. 105-339, 112 Stat. 3182 . . . . . . . . . . 5

Title VII, 42 U.S.C. § 2000e-5(f) . . . . . . . . . . 7

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHRISTOPHER PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-509C (Judge Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint, the attached appendix, and the following brief.

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUES**

1. Whether this Court lacks subject matter jurisdiction to entertain Mr. Phillips' Title VII settlement agreement claim, or in the alternative, whether Mr. Phillips' has failed to state a claim because his request is one for equitable relief.

2. Whether Mr. Phillips has failed to state a claim for breach of settlement agreement because the damages he seeks were not caused by the Government's alleged breach.

3. Whether Mr. Phillips has failed to state a claim for fraudulent inducement because he fails to allege the Government breached a contract.

4. Whether Mr. Phillips is entitled to attorney fees pursuant to Title VII and a jury trial in the Court of Federal Claims.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiff, Mr. Christopher Phillips, claims the Government breached an Equal Employment Opportunity ("EEO") settlement agreement that he entered into with the United States Department of the Air Force ("Air Force" or "agency"). Specifically, Mr. Phillips alleges that the Government failed to comply with the provision of the settlement agreement that requires the agency to look for reassignment for Phillips to another position out of his branch that has career advancement potential. He also brings a claim of fraudulent inducement based upon the allegation that the agency misrepresented to him that his position was being abolished when he agreed to be reassigned. Mr. Phillips seeks reinstatement to his former position with the Air Force, back wages, pension and other alleged lost benefits, along with attorney fees provided pursuant to Title VII.

### II. Statement Of Facts[1]

In December 2001, Mr. Phillips was hired as a GS-12 electrical engineer with the Air Armament Center ("AAC"), Range Instrumentation Systems Program Office ("RISPO"), Foreign Military Sales ("FMS") Branch, Eglin Air Force Base, Florida. Defendant's Appendix ("DA") 14. On June 24, 2003, Mr. Phillips contacted an agency EEO counselor regarding allegations of gender discrimination and harassment. DA 14, Plaintiff's Complaint ("Compl.") ¶ 7. Mr. Phillips filed a formal complaint against his program manger on February 9, 2004. Compl. ¶ 8.

---

[1] For the purposes of this motion only, we accept as true the factual allegations as set forth in the complaint. However, the Court "may look outside the complaint and receive evidence for the purpose of resolving the jurisdictional issue of fact." Morris v. United States, 33 Fed. Cl. 733, 742 (1995).

On March 4, 2004, the Air Force and Mr. Phillips entered into a settlement agreement. Compl. ¶ 9. In relevant part, Mr. Phillips agreed to withdraw his complaint of discrimination in exchange that the agency "[l]ook for reassignment for Phillips to another position out of his branch that has career advancement potential."[2] Compl. ¶ 9, Defendant's Appendix ("DA") 1. Paragraph 10 of the settlement agreement states:

> In accordance with 29 C.F.R. 1614.504, the parties further agree that, if the Complainant believes that the provisions of this Agreement are being violated, the following applies:
>
> (a) The Complainant must notify Cecil Williams, EEO Manager, AAC/CCD [Air Armament Center/Deputy Commander], within 30 days of becoming aware of the noncompliance.
>
> (b) The Agency has 30 days from the date of AAC/CCD's receipt of the Complainant's written allegations of noncompliance with this Agreement to resolve the matter and respond to Complainant.
>
> (c) If, after 30 days from the date of AAC/CCD's receipt of the Complainant's written allegations of noncompliance with this Agreement, the Agency has not responded to the Complainant in writing, or if the Complainant is not satisfied with the Agency's attempt to resolve the matter, the Complainant may appeal to the Equal Employment Opportunity Commission for a determination as to whether the Agency has compiled with the terms of this Agreement. The Complainant must file such an appeal within 30 days of receipt of the Agency's determination.

DA 2.

In a letter, dated April 19, 2004, the Air Force notified Mr. Phillips that he was being

---

[2] The settlement agreement also provided that the agency would reassign Mr. Phillips' supervisor within 60 calendar days; submit Mr. Phillips for a quality step increase; and research availability of tuition assistance for Mr. Phillips to pursue an Master of Business Administration. Compl. ¶ 9.

reassigned to a different branch in his same position, electronics engineer, and pay grade, GS-12, effective May 3, 2004. DA 4. The letter informed Mr. Phillips that the "environment [was] conducive to career advancement potential dependent upon your personal level of performance and contribution." Id. He alleges that his reassignment position has no career advancement potential. Compl. ¶ 13.

On September 27, 2004, the agency advertised a vacancy for a systems development engineer, GS-13 position, in Mr. Phillips' former branch. DA 5. Mr. Phillips applied for the GS-13 position. Compl. ¶ 15. A list of candidates for consideration for the position was generated, which included Mr. Phillips. Id., DA 6. On November 18, 2004, Mr. Phillips was notified that he was not selected for the position and that management had decided not to take any action on the candidate list. Compl. ¶ 16, DA 8. The position was filled through reassignment of another employee. Id.

On December 14, 2004, Mr. Phillips notified the EEO manager that he believed the agency was not complying with the settlement agreement. DA 10. Specifically, Mr. Phillips alleged that after his reassignment his prior branch announced a vacancy for the GS-12 position he formerly held, only upgraded to a GS-13 position. Compl. ¶ 14, DA 10. Mr. Phillips alleges that he only agreed to the reassignment because he was told by the agency that his position was being abolished. Compl. ¶ 10, DA 10.

In a letter, dated January 13, 2005, the EEO manager informed Mr. Phillips that "no breach of the settlement agreement occurred." DA 12. Mr. Phillips was also notified of his appeal rights. Id. He appealed the decision to the EEOC, Office of Federal Operations ("EEOC/OFO"). DA 13. He again alleged that management fraudulently induced him to accept

reassignment. Id. On June 14, 2005, the EEOC/OFO affirmed the agency's decision that a breach did not occur. DA 15. The EEOC/OFO stated:

> The agency did not promise to find complainant a position with career-advancement potential. Rather, the settlement agreement states that the agency was required to 'look for' a new position. Complainant does not assert that the agency failed to do this. He instead claims that the agency misled him into accepting the new position and then upgraded the position he formerly held to the GS-13 level. Even if true, these actions by the agency did not violate the settlement agreement.

DA 16. Mr. Phillips requested reconsideration of the decision. DA 19. On August 3, 2005, the EEOC/OFO denied the request because it failed to meet the criteria of 29 C.F.R § 1614.405(b). Id.

On January 23, 2006, Mr. Phillips filed a complaint in the United States District Court, Northern District of Florida, alleging the same claims denied by the EEOC/OFO. DA 21-27. On March 30, 2006, Mr. Phillips filed a consent motion to transfer the case to the United States Court of Federal Claims. DA 28-29. The district court granted the motion, on April 4, 2006, and transferred the case to this Court. DA 30. On August 4, 2006, Mr. Phillips filed the exact same complaint that he had filed in the district court in this Court. Compl., DA 23-27.

## SUMMARY OF ARGUMENT

Mr. Phillips' claim that the Government breached the Title VII settlement agreement must be dismissed for lack of jurisdiction because it is a claim for equitable relief, and not a claim for actual, presently-due money damages. Mr. Phillips also cannot demonstrate that the Government's alleged breach is the proximate cause of the damages he claims. Mr. Phillips' claim of fraudulent inducement is meritless because Mr. Phillips fails to allege that the

Government breached the contract. Finally, Mr. Phillips is not entitled to attorney fees pursuant to Title VII or a trial by jury in the Court of Federal Claims.

## ARGUMENT

### I. Legal Standards Pursuant To RCFC 12(b)(1) And 12(b)(6)

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993); United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991). The burden of establishing the Court's subject matter jurisdiction rests with the party seeking to invoke it. Wilson v. United States, 58 Fed. Cl. 760, 762 (2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)). Further, the Court may consider all relevant evidence, including evidence outside the pleadings when resolving a jurisdictional challenge. Wilson, 58 Fed. Cl. at 762. "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998).

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle him to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Dismissal pursuant to RCFC 12(b)(6) is proper when it is apparent that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Ponder v. United States, 117 F.3d 549, 552 (Fed.

Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A case dismissed pursuant to RCFC 12(b)(6) is considered a dismissal on the merits. Id. at 552-53.

## II. This Court Does Not Possess Jurisdiction Over Mr. Phillips' Claim For Breach Of A Title VII Settlement Agreement, Or Alternatively, Mr. Phillips Fails To State A Claim For Breach Of A Title VII Settlement Agreement

Mr. Phillips incorrectly asserts that jurisdiction in this Court is invoked pursuant to 28 U.S.C. § 1331 and Title VII, 42 U.S.C. § 2000e-5(f). Compl. ¶ 2. Section 1331 relates exclusively to jurisdiction in the district courts. 28 U.S.C. § 1331. Mr. Phillips assertion of jurisdiction pursuant to Title VII also fails. Title VII also provides for jurisdiction in the district courts. See 42 U.S.C. § 2000e-16 (applying Title VII to the Federal Government).

As a court of limited jurisdiction, this Court possesses only those powers awarded by the Constitution and statutes, and those powers cannot be expanded by judicial decree. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). It is presumed that a cause lies outside this Court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. This Court possess jurisdiction to entertain certain actions pursuant to the Tucker Act. The Tucker Act waives the United States' sovereign immunity for actions "founded either upon the Constitution, or any Act of Congress or any regulations of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, does not create a substantive right to recovery against the United States. United States v. Testan, 424 U.S. 392, 398-99 (1976). Instead, a claim for money damages must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Id. at 401-02.

Further, this Court's Tucker Act jurisdiction may be pre-empted where there is a comprehensive, precisely-drawn statutory scheme providing for judicial review of the matter in another forum. See Wilson v. United States, 405 F.3d 1002, 1015 (Fed. Cir. 2005). In the past, this Court has recognized that Title VII is such a comprehensive, precisely-drawn statutory scheme that provides judicial review of Federal employees' discrimination claims in district court. Lee v. United States, 33 Fed. Cl. 374, 378 (1995) (citing Brown v. General Servs. Admin., 425 U.S. 820, 829 (1976)). Under Title VII, a Federal employee may file his or her discrimination claim in Federal district court once all administrative remedies have been exhausted. 42 U.S.C. §§ 2000e-5, 2000e-16. Accordingly, this Court lacks jurisdiction to entertain Title VII claims, and exclusive jurisdiction over those claims rests with the district court.

Whether this Court possesses jurisdiction to entertain a claim for breach of a settlement agreement resulting from a Title VII action, however, is a more complex question. Generally, this Court has consistently ruled that it does not possess jurisdiction to entertain claims that the Government breached settlement agreements resulting from Title VII actions. See Griswold v. United States, 61 Fed. Cl. 458 (2004) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included equitable orders of instatement, future notice of civil service exams, access to civil service exams, and other appropriate equitable relief); Taylor v. United States, 54 Fed. Cl. 423 (2002) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included adjustments to annual and sick leave, seniority, entry date, and salary); Mitchell v. United States, 44 Fed. Cl. 437 (1999) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction

where relief sought included determination that settlement agreement did not encompass all of plaintiff's Title VII actions); Lee, 33 Fed. Cl. 374 (1995) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included adjustment of plaintiff's performance rating and increase of Employee Performance Management System award); Fausto v. United States, 16 Cl. Ct. 750 (1989) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included providing plaintiff with a Form 50 that included the reasons for plaintiff's resignation).

These rulings do not, however, necessarily stand for the proposition that this Court possesses no jurisdiction over any Title VII settlement agreements. See Schnelle v. United States, 69 Fed.Cl. 463, 465 n.1 (2006). In Kokkonen, the Supreme Court held that enforcement of a settlement agreement, whether through an award of damages or specific performance, is not a continuation or renewal of the dismissed suit, and, therefore, requires its own basis for jurisdiction. 511 U.S. at 378. The Supreme Court concluded that a district court has ancillary jurisdiction to enforce a settlement agreement only if the court, either by a separate provision or by incorporation, makes the settlement agreement part of its dismissal order because a breach of the agreement would then be a violation of that order. Id. at 381.

In Massie v. United States, the United States Court of Appeals for the Federal Circuit held that this Court possessed jurisdiction to entertain an action for breach of an agreement to pay plaintiff's claim arising under the Military Claims Act ("MCA"). 166 F.3d 1184 (Fed. Cir. 1999) ("An agreement to pay an MCA claim presumptively satisfies the Tucker Act because 'any agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government.'"). The Federal Circuit rejected the

Government's argument that the complete and comprehensive statutory scheme pertaining to the payment of military claims under the MCA pre-empted this Court's Tucker Act jurisdiction. Id. at 1188. Although the Federal Circuit agreed that a contract will not fall within this Court's Tucker Act jurisdiction where Congress has placed jurisdiction elsewhere, it held that the MCA does not address the breach of agreements to pay MCA claims, and, therefore, the MCA itself does not deprive this Court of jurisdiction over such claims. Id. The Federal Circuit also distinguished its prior decisions, which held that this Court lacked jurisdiction over actions for breach of settlement agreements when the agreements arose from disputes which would have been litigated in other fora, by concluding that the claims at issue in those prior decisions required review of a subject matter reserved to another tribunal. Id. at 1189. In contrast, the plaintiff in Massie was not seeking a review of issues related to the MCA, but only sought to enforce her agreement with the Government. Id.

The United States Court of Appeals for the District of Columbia Circuit expanded upon the Federal Circuit's reasoning in Massie and applied it to claims for breach of Title VII settlement agreements. See Hansson v. Norton, 411 F.3d 231, 237 (D.C. Cir. 2005). In Hansson, the D.C. Circuit dismissed plaintiff's claim for breach of a Title VII settlement agreement for lack of jurisdiction where the plaintiff sought only monetary relief and disposition of the claim would not require review of Title VII subject matter. Id. ("Because [plaintiff's claim] neither requires an interpretation of Title VII with respect to her discrimination complaint nor seeks equitable relief under Title VII, but rather . . . is a contract claim against the United States for more than $10,000[,] . . . it is within the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act."). Specifically, the plaintiff in Hansson claimed the Government failed to

pay her attorney fees pursuant to the Title VII settlement agreement. Id. The D.C. Circuit opined that the Federal Circuit "appears to agree with this court's precedent that the Court of Federal Claims lacks jurisdiction under the Tucker Act only if 'disposition of the contract claim would require review of the subject matter reserved to another body.'" Id. at 236. According to the D.C. Circuit, this Court's prior decisions dismissing claims for breach of Title VII settlement agreements for lack of jurisdiction were distinguishable because those cases involved claims for equitable relief, which this Court may not award. Id.

Accordingly, in a case where a plaintiff seeks wholly contractual, pure monetary relief, this Court arguably may possess jurisdiction over a Title VII settlement agreement. However, in order to invoke the Court's jurisdiction, Mr. Phillips still must present a claim for "actual, presently-due money damages from the United States." United States v. King, 395 U.S. 1, 3 (1969); New York Life Ins. Co. v. United States, 118 F. 3d 1553, 1556 (Fed. Cir. 1997) ("The claim must, of course, be for money."). It is not enough for Mr. Phillips simply to assert a claim for money damages. See Griswold v. United States, 61 Fed. Cl. at 465. Rather, Mr. Phillips must establish that a substantive right enforceable against the United States for money damages exists. Id. (citing United States v. Testan, 424 U.S. at 398). Moreover, the alleged substantive right must be of the type that can be fairly interpreted as mandating compensation by the Government for the damage sustained. Id.

Further, the United States Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction or a declaratory judgment, or specific performance." First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999). With certain strictly limited exceptions, there is no provision in the Tucker Act authorizing this Court to order equitable

relief. See United States v. King, 395 U.S. at 4 ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"). But see 28 U.S.C. § 1491(b)(2) (permitting the Court of Federal Claims to grant declaratory and injunctive relief in actions regarding Government solicitations).

In this case, the substantive right Mr. Phillips identifies does not entitle him to money damages. See Griswold, 61 Fed. Cl. at 465-66 (finding that plaintiffs' identified substantive right to notice cannot be fairly interpreted to require the Government to pay money for the damages sustained). Mr. Phillips alleges that the Government breached the provision of the settlement agreement because his reassignment position has no career advancement potential and that he only agreed to the reassignment because he was told by the agency that his position was being abolished. Compl. ¶¶ 10, 13, DA 10. Mr. Phillips does not allege that the Government failed to pay any money due pursuant to the settlement agreement.

Nor does the settlement agreement expressly mandate the payment of money damages in the event of a purported breach. Instead, the EEOC regulation, 29 C.F.R. § 1614.504, incorporated into the settlement agreement, provides that if a complainant believes that the agency has failed to comply with the terms of a settlement agreement "[t]he complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504. Accordingly, several district courts have held that monetary damages are generally not available for breach of a Title VII settlement agreement. See Schnelle, 69 Fed.Cl. at 467 (citing Morley v. Potter, No. C-04-5211FDB, 2005 WL 2406161, at *4 (W.D. Wash. Sept.29, 2005); Frahm v. United States, No. 4:02CV00089, 2005 WL 1528421, at *3 (W.D. Va.

June 23, 2005)).

Indeed, Mr. Phillips' complaint does not seek presently due money damages. Instead, Mr. Phillips requests that the Court "enforce the terms of the settlement agreement by placing Phillips in his former, now upgraded, GS0801-13 position;" direct the agency "to take such affirmative action as is necessary to ensure that the terms of the settlement agreement are enforced;" and direct "defendant to place plaintiff in the position he would have occupied but for Agency's fraudulent inducement and make him whole for all earnings he would have received." Compl. prayer for relief. As noted above, it is well-settled that this Court cannot provide equitable relief and cannot reinstate Mr. Phillips to his former position with the Government. See also Villier v. United States, 17 Cl. Ct. 341 (1989).

Further, Mr. Phillips claims "for all earnings he would have received . . . including but not limited to, wages, pension, and other lost benefits" is intrinsically related to his request for reinstatement, and cannot be considered "presently due" prior to any reinstatement. Before suit can be brought in this Court pursuant to the Back Pay Act, the agency or MSPB must find that the employee was affected by an unjustified or unwarranted personnel action resulting in the withdrawal or reduction of pay. 5 U.S.C. § 5596(b)(1); United States v. Fausto, 484 U.S. 439, 454 (1988). No such finding has been made. Accordingly, we respectfully request that the Court dismiss Mr. Phillips' complaint for lack of subject matter jurisdiction.

Alternatively, if the Court finds jurisdiction, this case should be dismissed for failure to state a claim based upon the same reasoning above. Westover v. United States, 71 Fed. Cl. 635, 640 (2006) ("The court has jurisdiction over plaintiff's claim, but cannot grant relief of the type [reinstatement to former position and backpay] that plaintiff is seeking."); Taylor v. United

States, 2006 WL 2949283, *13 (Fed. Cl. 2006) (the court ruled that it had jurisdiction, but plaintiff failed to state a claim for breach of contract because the Government satisfied its contractual obligations under the settlement agreement). Accordingly, we respectfully request that the Court, alternatively, dismiss Mr. Phillips' complaint for failure to state a claim.

## III. The Alleged Breach Of The EEO Settlement Agreement Is Not The Proximate Cause Of The Damages Claimed

Mr. Phillips also fails to state a claim upon which relief can be granted because the alleged breach is not the proximate cause of the damages sought. To recover for breach of contract, Mr. Phillips must allege and establish the following: (1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach. San Carlos Irrigation and Drainage Dist. v. United States, 877 F.2d. 957, 959 (Fed. Cir. 1989). Specifically, Mr. Phillips must allege that "but for" the Government's alleged breach, he would not have suffered his claimed damages. See San Carlos Irrigation and Drainage Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997); see also Hughes Communications Galaxy, Inc. v. United States, 271 F.3d 1060, 1065 (Fed. Cir. 2001); Wells Fargo Bank, N.A. v. United States, 88 F.3d 1012, 1020 (Fed. Cir. 1996).

Here, Mr. Phillips fails to allege that any breach by the Government caused him damage. The agency did not promise to find him a position with career advancement potential. DA 1. Rather, the settlement agreement states that the agency was required to "look for" a new position. Id. Mr. Phillips does not assert that the agency failed to do this. He instead claims that the agency misled him into accepting the new position and then upgraded the position he formerly held to the GS-13 level. Compl. ¶¶ 10, 11, 14. Even if true, these actions by the agency did not

violate the settlement agreement. DA 16. In fact, the Government did more than satisfy its contractual obligations by actually finding Mr. Phillips another position. DA 4. Because Mr. Phillips fails to identify how the Government breached its agreement, the Court, in the event that it assumes jurisdiction, should dismiss Mr. Phillips' claim for failure to state a claim upon which relief can be granted.

**IV. Mr. Phillip Has Failed To State A Claim For Fraudulent Inducement Because He Fails To Allege The Government Breached A Contract**

Mr. Phillips alleges that the Government made fraudulent representations to him to induce him to enter into the settlement agreement. Compl. ¶¶ 20-23. Specifically, he alleges that he was told that his prior position was being abolished and he relied upon that representation when he agreed to be reassigned. Compl. ¶¶ 10, 11. A settlement agreement is a contract and its interpretation is governed by traditional contract principles. W & F Bld. Maint. Co. v. United States, 56 Fed. Cl. 62, 69 (2003). If the contractual terms are clear and unambiguous, the Court's analysis is guided solely by the plain language of the contract. Id. "Extrinsic evidence will not be received to change the terms of a contract that is clear on its face." Id. (citations omitted). An ambiguity is not generated merely because the parties differ in their respective interpretations, but occurs when the contract is susceptible to more than one reasonable interpretation. Id. "An interpretation which gives a reasonable meaning to all parts will be preferred to one which leaves a portion of it useless, inexplicable, inoperative, void, insignificant, meaningless, superfluous, or achieves a weird and whimsical result." Id. (citations omitted). A party's subjective intentions cannot override the plain and unambiguous language of an agreement. Id. at 71.

The settlement agreement states that the Government agreed "to look for reassignment for

Mr. Phillips to another position out of YBR [his current branch] that has career advancement potential." DA 1. Mr. Phillips alleges that his current position has no career advancement potential. Compl. ¶ 13. However, the unambiguous language of the settlement agreement states that the defendant only agreed to "look for" reassignment for Mr. Phillips to another position. DA 1. The agency agreed to attempt to reassign Mr. Phillips to a new position; there was not a guarantee that he would be placed in a new position, or that the new position would lead to a GS-13 promotion. The agency went above and beyond the terms of the settlement agreement by actually reassigning Mr. Phillips in May 2004. The language of the settlement agreement is clear, unambiguous, and susceptible to only one reasonable interpretation that the Government more than satisfied its contractual obligations. Therefore, the Court should dismiss Mr. Phillips' fraudulent inducement claim pursuant to RCFC 12(b)(6).

## V. Mr. Phillips Is Not Entitled To Attorney Fees Pursuant To Title VII, Nor Is He Entitled To A Jury Trial In The Court Of Federal Claims

Mr. Phillips requests attorney fees as provided by Title VII. Compl. prayer for relief. As discussed in section II above, this Court has recognized that Title VII is a comprehensive, precisely-drawn statutory scheme that provides judicial review of Federal employees' discrimination claims in district court. Lee, 33 Fed. Cl. at 378 (1995) (citation omitted). Included in that precisely-drawn statutory scheme is the power to award attorney fees, pursuant to 42 U.S.C. § 2000e-5(k). Accordingly, this Court lacks jurisdiction to entertain requests for attorney fees as provided by Title VII, and exclusive jurisdiction over such claims rests with the district court. Mr. Phillips also demands a jury trial. Id. Mr. Phillips does not have a right to a jury trial before the Court of Federal Claims. Martin v. United States, 31 Fed. Cl. 756, 757

(1994). Therefore, Mr. Phillips requests relief that is not available before this Court.

## CONCLUSION

For these reasons, the United States respectfully requests this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Elizabeth Thomas
ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C., 20530
Tel: (202) 616-2377
Fax: (202) 305

November 3, 2006 Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 3rd day of November, 2006, a copy of the foregoing "MOTION TO DISMISS PLAINTIFF'S COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elizabeth Thomas