06-509C
Judge Hewitt

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CHRISTOPHER PHILLIPS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

INDEX TO THE APPENDIX TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT


**Document** **Page**

Settlement Agreement . . . . . 1

Notification of Reassignment . . . . . 4

Vacancy Announcement . . . . . 5

Candidate Referral Certificate . . . . . 6

Consideration Notification . . . . . 8

Plaintiff's Notice of Noncompliance . . . . . 9

Letter From Air Force, dated January 13, 2005 . . . . . 12

Plaintiff's Appeal Supplement . . . . . 13

EEOC Decision . . . . . 15

EEOC Denial of Appeal . . . . . 19

District Court Complaint . . . . . 21

District Court Transfer Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

# DISCRIMINATION COMPLAINT SETTLEMENT AGREEMENT

1. In exchange for the promises made by the Agency (Eglin AFB FL) in Paragraph 2 of this agreement, Mr. Christopher Phillips, the Complainant, agrees to withdraw his discrimination complaint dated 9 February 2004, Base Docket No. 8I1M04008. He agrees not to institute a lawsuit under Title VII of the Civil Rights Act of 1964, as amended; under the United States Constitution; or under any other state or federal law on any matter related to that discrimination complaint.

2. In exchange for the promise(s) of the Complainant in Paragraph 1 of this agreement, the Agency agrees, not later than 3 May 2004, to:

   a. Ms Vega will be reassigned out of AAC/YBR/FMS within 60 calendar days of the approval of this agreement.

   b. Mr. Schmidt will submit Mr. Phillips for a QSI within 60 calendar days of the approval of the agreement.

   c. Mr. Schmidt agrees to research viability of tuition assistance for MBA degree.

3. In exchange for the promise(s) of the Complainant in Paragraph 1 of this agreement, the Agency agrees:

   a. To look for reassignment for Mr. Phillips to another position out of YBR that has career advancement potential.
   b. To keep Mr. Phillips apprised of the progress at least monthly.

4. The terms of this agreement will not establish any precedent, nor will the agreement be used as a basis by the Complainant or any representative organization to seek or justify similar terms in any subsequent case.

5. The Complainant and the Agency agree that the terms and conditions of this settlement agreement will be kept confidential. The Agreement will not be released, nor its contents disclosed, by either party unless required by law, agreed to by both parties, or required to implement this agreement. This agreement may be used as evidence in a later proceeding in which either party alleges a breach of the agreement.

6. This agreement constitutes the complete understanding between the Complainant and the Agency with respect to the matters encompassed by this agreement and supersedes all prior and contemporaneous discussions, understandings, or agreements, whether oral or written. No other promises or agreements will be binding unless reduced to writing and signed by both parties.

7. The respective parties will bear their own costs, including attorney fees.

033

8. This agreement resolves all disputes, all issues, and all disagreements between the Complainant and the Agency arising out of the complaint identified in Paragraph 1 above or connected with the facts upon which it was based. Complainant waives and releases any and all further or additional relief, remedies, and causes of action of any and all kinds against the Air Force and any and all of its officers, managers, supervisors, and employees based upon that complaint or the facts upon which it was based.

9. This agreement does not constitute an admission by the Agency of any violation of the Civil Rights Act of 1964, as amended (42 USCA 2000e-16), or of any other federal or state statute or regulation.

10. In accordance with 29 C.F.R. 1614.504, the parties further agree that, if the Complainant believes that the provisions of this Agreement are being violated, the following applies:

(a) The Complainant must notify Cecil Williams, EEO Manager, AAC/CCD, within 30 days of becoming aware of the noncompliance.
(b) The Agency has 30 days from the date of AAC/CCD's receipt of the Complainant's written allegations of noncompliance with this Agreement to resolve the matter and respond to Complainant.
(c) If, after 30 days from the date of AAC/CCD's receipt of the Complainant's written allegations of noncompliance with this Agreement, the Agency has not responded to the Complainant in writing, or if the Complainant is not satisfied with the Agency's attempt to resolve the matter, the Complainant may appeal to the Equal Employment Opportunity Commission for a determination as to whether the Agency has complied with the terms of this Agreement. The Complainant must file such an appeal within 30 days of receipt of the Agency's determination. The current address of the Commission is:

Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

11. The Complainant and the Agency agree that this written agreement represents the sum total of the promises made by each of the parties. In addition, the undersigned individuals acknowledge signing this agreement is voluntary and that they have had an opportunity to thoroughly review its contents and to raise and have addressed any questions or concerns they may have prior to affixing their signature.

COMPLAINANT — DATE: 4 MAR 04

MANAGEMENT'S REPRESENTATIVE — DATE: 4 MAR 04

TECHNICAL ADVISOR — DATE: 4 Mar 04

AGENCY'S REPRESENTATIVE — DATE: 5 Mar 04

035

3

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR ARMAMENT CENTER (AFMC)
EGLIN AIR FORCE BASE, FLORIDA

APR 19 2004

MEMORANDUM FOR AAC/EN YBR (MR. CHRISTOPHER PHILLIPS)

FROM: AAC/EN

SUBJECT: Management Directed Reassignment

1. This letter is to notify you that you are being reassigned to AAC/EN YV as an Electronics Engineer, GS-855-12, effective 3 May 2004. This position is located in an environment conducive to career advancement potential dependent upon your personal level of performance and contribution. I believe this reassignment fully complies with item 3(a) and (b) of your Discrimination Complaint Settlement Agreement, Base Docket No. 8I1M04008, dated 9 February 2004. Your immediate supervisor will be Mr. Joel Ankersen, and he can be reached at (850) 882-9514, extension 3180.

2. If you have any questions concerning the information outlined in this letter, please contact the EEO Manager, Mr. Cecil Williams, at (850) 882-4285.

STEVEN F. BUTLER, SES
Director, Engineering

cc:
AFGE Local 1942 (Mr. Rocky Tasse)

JUL 21 2005
Delivered:
D. Jane

092

07/27/2005 13:14 882-6175 PAGE 02/03

# Civilian Personne.
## Providing Professional HR Service

VACANCY ANNOUNCEMENT - 04Sep8IAACEN00013451DJ

SYSTEMS DEVELOPMENT ENGINEER, GS-801-13

LOCATION: AAC/YB

PERSONNEL SPECIALIST: Deanna Johnson

OPENING DATE: 27 Sep 2004

CLOSING DATE: 6 Oct 2004

DESCRIPTION OF DUTIES This position is for the Lead FMS Engineer, GS-801-13, located in YBR, responsible for Range Instrumentation Systems. Currently there are programs for six countries which require support in addition to working with several potential new customers. The position involves the technical aspects related to developing and maintaining acquisition schedules, financial planning, development of requirements and specifications, site surveys and preparations, fielding systems, and maintaining system operations. Overseas travel to countries in both the near and far east is frequently required.

Post your resume by Going to the on line resume

or

E-mail your resume to the POC for this Announcement Deanna Johnson

or

Go back to the Vacancy Listing to review other vacancy information

---

Send mail to robert.hathcock@eglin.af.mil or katherine.watson@eglin.af.mil with questions or comments about the design of this web site .

Read Government INTERNET POLICY AFI 33-129 (Acrobat Reader PDF file)

183

Ask. 11

**Air Force Candidate Referral Certificate**

Type of Certificate: Promotion Consideration

Requisition ID: 04OCTINT013451409565 (Pull 1)

Date Issued: 03-Nov-2004

Expiration Date: 03-Nov-2004

BU: AF0725

# of vacancies: 1

Pay Plan - Series - Grade / Position Title: GS-0801-13 / SYSTEMS DEVELOPMENT ENGINEER

Base: EGLIN A.F.B. / OKALOOSA / FLOR

Organization: XPX

Entry Gr Lvl: 13

Remarks:

For Additional Information Call:

PATCOB: PROFESSIONAL

Type of Position: Competitive Service

Name & Title of Certifying Official: Richard Zapata, HR Specialist

Signature of Certifying Official:

| Name | PayPlan - Grade | Org/Office Symbol | Phone | Action Code* |
|---|---|---|---|---|
| BYRD, TERRY L | GS - 12 | EN YX | (850) 882-9010 WORK | NS |
| Clark, Ralph L | GS - 12 | CECE | 3338440 DSN | |
| GIANELLONI, LUKE H | GS - 12 | XPXR | 8726739 DSN | |
| HUGHES, EDWARD R | GS - 12 | 36EWF | 8728994 DSN | |
| LABEE, CHARLES J | GS - 12 | OGMLS | (757) 2825546 WORK | |
| LE, TRUNG V | GS - 12 | SDF | 340-5873 DSN | |
| Lefebvre, James S | GS - 12 | EN WMRA | (850) 8829307 WORK | |
| NGUYEN, ANH VU | GS - 12 | ENFLHI | | |
| ODAY, JEFFERY R | GS - 12 | ENM | (850) 882-4455 WORK | |
| PHILLIPS, CHRISTOPHER R | GS - 12 | EN WMRR | 8729391 x5087 DSN | |
| TINCH, WILLIAM J | NH - 03 | ENFP | 5254719 DSN | |
| TOWNSEND, PAUL E | GS - 12 | CECDJ | (850) 8847593 WORK | |

Notes: RPA- 04SEP8IAACEN00013451

Name, Office Symbol, Phone Number and E-Mail Address of Selecting Official:
Walt Schmidt,
AAC/YB,
875-3403,
walter.schmidt@eglin.af.mil

* Action Codes
S: Selected; NS: Non Selected; DC: Declined Consideration; DS: Declined Selection
If DC or DS are selected use the following additional declination codes:
A: Accepted another position within AF; C: Compensation too low;
G: Position not in line with career goals; O: Accepted offer outside AF;
P: Personal; M: Mobility; S: Spouse; K: Failed to respond; F: Family;
H: Health; R: Relocation package insufficient

*I have read and complied with the handout that provides guidance on the use of this form. The relative qualifications of the candidates were compared by : (Check as many as apply)*

- O *Exchange of Information Interview*
- O *Validated Selection Interview*
- O *Validated Panel Interview*
- O *Review of Career/Placement Briefs/Resume*
- O *Contact with others knowledgeable of the candidates*
- O *Other:* ____________

I have made this selection without regard to political, religious, labor organization affiliation or nonaffiliation, marital status, race, color, national origin, gender, sexual orientation, age or disability. My selection was not based on any family relationship either directly with the selectee or by relationship of the selectee to another party who may have been in a position to exert undue pressure on me to make this selection. I am aware of and in compliance with rules and regulations on nepotism. I have been counseled and I have complied with the selection and interview guidance provided with this referral certificate.

| Selectee's Name: | Desired Effective Date: | Selecting Official's Signature: | Date Signed: |
|---|---|---|---|
| Contract used | | [signature] | 5 Nov 04 |



FOR OFFICIAL USE ONLY, CONTAINS INFORMATION SUBJECT TO PRIVACY ACT OF 1974 AS AMENDED. PROTECT ACCORDINGLY.

185

**Air Force Candidate Referral Certificate**

Type of Certificate: Reassignment Consideration

Requisition ID: 04OCTINT013451409565 (Pull 1)
Date Issued: 03-Nov-2004
Expiration Date: 03-Nov-2004
BU: AF0725
# of vacancies: 1

Pay Plan - Series - Grade / Position Title: GS-0801-13 / SYSTEMS DEVELOPMENT ENGINEER
Base: EGLIN A.F.B. / OKALOOSA / FLOR
Organization: XPX

Entry Gr Lvl: 13

Remarks:

For Additional information Call:
PATCOB: PROFESSIONAL
Type of Position: Competitive Service

Name & Title of Certifying Official Richard Zapata, HR Specialist
Signature of Certifying Official:

| Name | PayPlan Grade | Org/Office Symbol | Phone | Action Code |
|---|---|---|---|---|
| BARKER, ROBERT C | NH - 03 | DRP | 525-0181 DSN | N.S |
| Bledsoe, John K | GS - 13 | ENSM | (937) 6566182 WORK | |
| Caros, Raymond G | GS - 13 | A7CVR | 4803072 DSN | |
| Donnelly, James C | GS - 13 | MAFE | 2332711 DSN | |
| GironPagan, Peter P | GS - 13 | ENSI | 7854123 DSN | |
| LOWAS, ALBERT F | GS - 13 | LTER | 4682922 DSN | |
| WILLIAMS, JOEL JOEL | GS - 13 | NWC | 2630831 DSN | |

Notes: RPA- 04SEP8IAACEN00013451

Name, Office Symbol, Phone Number and E-Mail Address of Selecting Official
Walt Schmidt,
AAC/YB,
875-3403,
walter.schmidt@eglin.af.mil

* Action Codes
S: Selected; NS: Non Selected; DC: Declined Consideration; DS: Declined Selection
If DC or DS are selected use the following additional declination codes:
A: Accepted another position within AF; C: Compensation too low; G: Position not in line with career goals; O: Accepted offer outside AF; P: Personal; M: Mobility; S: Spouse; K: Failed to respond; F: Family; H: Health; R: Relocation package insufficient

*I have read and complied with the handout that provides guidance on the use of this form. The relative qualifications of the candidates were compared by : (Check as many as apply)*

- O *Exchange of Information Interview*
- O *Validated Selection Interview*
- O *Validated Panel Interview*
- O *Review of Career/Placement Briefs/Resume*
- O *Contact with others knowledgeable of the candidates*
- O *Other:*

I have made this selection without regard to political, religious, labor organization affiliation or nonaffiliation, marital status, race, color, national origin, gender, sexual orientation, age or disability. My selection was not based on any family relationship either directly with the selectee or by relationship of the selectee to another party who may have been in a position to exert undue pressure on me to make this selection. I am aware of and in compliance with rules and regulations on nepotism. I have been counseled and I have complied with the selection and interview guidance provided with this referral certificate.

Selectee's Name: Cert not used
Desired Effective Date:
Selecting Official's Signature: [signature]
Date Signed: 3 Nov 04

186

Page 1

FOR OFFICIAL USE ONLY, CONTAINS INFORMATION SUBJECT TO PRIVACY ACT OF 1974 AS AMENDED, PROTECT ACCORDINGLY.

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR ARMAMENT CENTER (AFMC)
EGLIN AIR FORCE BASE, FLORIDA

18 Nov 04

MEMORANDUM FOR REFERRAL CANDIDATE

FROM: AAC/ENR

SUBJECT: Consideration Notification for Position in YB - GS-0801-13, Systems Development Engineer (Vacancy Announcement 04OCT409565)

1. You were recently referred for consideration in filling a Systems Development Engineer, GS-0801-13, position in YB. Management has decided to return the cert without action and to fill the position with the reassignment of Mr. Roger Crabtree.

2. Although you were not considered for this position, you can be proud of your own work record. It reflects many fine qualities about you and your work experience which will serve to enhance your consideration and possible selection at some future date.

3. Thank you again for giving EN the opportunity to consider you for this position. I wish you the very best in your pursuit to further your Air Force career.

JOHN F. WOLVERTON
Chief, Resource Management
Directorate of Engineering & Acquisition Support

199

Overholtz Ronald L Civ . .C/CCD

From: Phillips Christopher R Civ AAC/YAM
Sent: Tuesday, December 14, 2004 4:17 PM
To: Overholtz Ronald L Civ AAC/CCD
Cc: Williams Cecil B Civ AAC/CCD; Tasse Rocky F Civ AFGE/LOCAL1942
Subject: EEO Base Docket 8I104008 Breach/Noncompliance of ADR agreement

Rec'd AAC/CCD 12/16/04 RLO

Mr. Overholtz,
Below is my final letter with attachments.

BreachChronol yEEOReprisal.dc ATTACHMENT B.doc Attachment B1.rtf

RE: Attachment C Attachment D Attachment E.pdf

Note that Attachment A is the original EEO ADR agreement.

U 061

Chronology: EEO Base Docket 8I104008 Breach/Noncompliance of ADR agreement
Christopher Phillips 13 Dec 2004

Reference attached "Discrimination Settlement Agreement" dated 4/5 Mar 04, which is Attachment A.

- In accordance with (IAW) Paragraph 10, Complainant is to notify EEO Manager within 30 days of noncompliance with agreement.
- Date complainant became aware of noncompliance is 18 Nov 04.
- IAW Paragraph 3.a. of Agreement, Complainant was reassigned to "another position out of AAC/YBR FMS that has career advancement potential (GS-13)," to AAC/YAM. After the complainant is reassigned and as delineated in below chronology, AAC/YBR then announces complainant's former AAC/YBR GS-12 position as a GS-13.
- The driving factor for complainant signing agreement to be reassigned is because of AAC/YBR management's emphatic indication that his "position was being abolished, program(s) ending, etc." More quotes are below.
- As confirmed in email correspondence and by attached spreadsheet, Attachment B, AAC/YBR Manpower is funding the newly hired GS-13 FMS position 100% by the Saudi program, i.e. complainant's former position in AAC/YBR.
- Attachment C is the indication by AAC/XP FMS Manpower rep, Peggy Shepard, in her learned opinion, that Complainant was ALREADY performing his former AAC/YBR GS-12 position at the GS-13 level.

1. 27 Sep 04: Eglin CPO advertises Engineering vacancy announcement in AAC/YB/FMS as a GS-13. See copy of announcement immediately below. This announcement contradicts what complainant and his rep (Mr. Tasse) were informed by management. That is, complainant (GS-12 Engineer) was reassigned as a result of an EEO ADR resolution agreement (Base Docket 8I104008 dated 4 Mar 04) to a position with "promotion (GS-13) potential." Complainant and his rep were informed by management's rep (also complainant's supervisor), Mr. Walt Schmidt, that the AAC/YB/FMS GS-12/13 positions were "being abolished," "were bad for career," "that the technical director Mr. Weldon Holland did not want government engineers working FMS," "the current engineers needed to get out ASAP," etc. Mr. Schmidt had also briefed this information in a standing AAC/YB Engineering meeting to his staff. The former AAC/YB/FMS GS-13 Lead Engineer was also reassigned in Mar 04 timeframe as a result of this information. Mr. Schmidt is now retired.

---

# Civilian Personnel Providing Professional HR Service

---

VACANCY ANNOUNCEMENT - 04Sep8IAACEN00013451DJ SYSTEMS DEVELOPMENT ENGINEER, GS-801-13, LOCATION: AAC/YB PERSONNEL

062

SPECIALIST: Deanna Johnson OPENING DATE: 27 Sep 2004 CLOSING DATE: 6 Oct 2004 DESCRIPTION OF DUTIES This position is for the Lead FMS Engineer, GS-801-13, located in YBR, responsible for Range Instrumentation Systems. Currently there are programs for six countries which require support in addition to working with several potential new customers. The position involves the technical aspects related to developing and maintaining acquisition schedules, financial planning, development of requirements and specifications, site surveys and preparations, fielding systems, and maintaining system operations. Overseas travel to countries in both the near and far east is frequently required. Post your resume by _Going to the on line resume <../vacancyresume.htm>or E-mail your resume to the POC for this Announcement Deanna Johnson <mailto:deanna.johnson@eglin.af.mil>or Go back to the Vacancy Listing <../vacancyinformation.htm> to review other vacancy information

2. 10 Oct 04: AFPC Randolph concurrently advertises the above subject vacancy announcement for AAC/YB/FMS. Job is announced at the GS-13 Level. Copy of AFPC announcement is below:

SYSTEMS DEVELOPMENT ENGINEER GS-0801-13/13

INTERNAL
04OCT409565

Closing Date
10/21/2004

EGLIN AFB FL (VALPARAISO FL) VALPARAISO FL Career Program: Scientist and Engineer Who May Apply: Internal Current Permanent Air Force Employees Status: Referred because you requested promotion consideration.

3. 25 Oct 04: Complainant is referred for the announcement, i.e. is qualified by AFPC and is referred to the candidate pool. Usual process after referral is interview. Complainant was not interviewed. Complainant contacted the Eglin Engineering Staffing Specialist for an explanation of why there were current GS-13 vacancy announcements for AAC/YB after reassignments were made, worries of jobs abolished, etc. She gave no explanation but directed the complainant to contact the AAC/YB management. The e-mail is attached, Attachment D.

4. 18 Nov 04: Complainant is notified that the above position was filled via Reassignment by a current Test Wing employee, Mr. Roger Crabtree. To the complainant's best knowledge, this employee has no Foreign Military Sales (FMS) Acquisition experience. Notification letter is attached and is Attachment E.

Christopher Phillips (Signed)

063

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR ARMAMENT CENTER (AFMC)
EGLIN AIR FORCE BASE, FLORIDA

AAC/CCD
307 East C Avenue, Suite A
Eglin AFB FL 32542-5000

JAN 13 2005

Mr. Rocky F. Tasse
AFGE Local 1944
P.O. Box 1944
Eglin AFB FL 32542

Dear Mr. Tasse,

This letter is in response to your client's allegation of a breach to paragraph 3a, of the settlement agreement, 8I1M04008 which was signed on 5 Mar 04. Mr. Ronald L. Overholtz, Lead EEO Specialist and myself conducted an inquiry regarding the allegations. We spoke with management officials and a manpower representative to determine whether your client's reassignment was under false pretenses as he surmised or was based on sound management principles.

Based on the information provided to Mr. Overholtz and myself, and after carefully reviewing all of the facts presented, I have determined that no breach of the settlement agreement occurred.

If your client is not satisfied with this decision, he may appeal within 30 calendar days from receipt of this letter, to the Equal Employment Opportunity Commission, Office of Federal Operations (EEOC/OFO), P.O.Box 19848, Washington D.C. 20036. An appeal form is attached for your use.

If you and your client wish to discuss this matter further, you may contact me at 882-4285 to arrange an appointment.

CECIL B. WILLIAMS
EEO Manager

Attachment:
As Stated

cc:
Complainant, Mr. Phillips

048

CHRIS PHILLIPS EEOC APPEAL SUPPLEMENT et al. Ref EEO Docket 01A52628

- Complainant: Chris Phillips
  Address: PO Box 5956, Navarre, FL 32566
  Day Phone: 850-883-3573, Cell: 850-221-1933
  Email: Christopher.Phillips@eglin.af.mil

- Agency/Organization Complainant filed against: USAF, AAC/WMRR, Range Instrumentation Systems Program Office (RISPO), 102 West D Avenue, Suite 373, Eglin AFB, FL.

- Supplement Issue: Complainant would like to amend the attached Appeal earlier submitted to include the point of Fraudulent Inducement. That is, management fraudulently induced complainant to accept EEO ADR reassignment because of job-loss panic. Then after reassignment, with apparently no hesitation, management not only reinstates one or more identical positions, but also, management actually upgrades the complainant's former GS-12 position (same position number 03314231) to a GS-13.

- Contacts/witness statements: Complainant lists the below co-workers and Professional Union-AFGE President as witnesses. They received same briefings as complainant. That is, these fellow engineers and the AFGE President were also briefed that complainant's position was being abolished:
  Mr. Edward Drouhard, Phone: 850-883-3443, Address: AAC/YBR, 102 West D Avenue, Suite 373, Eglin AFB, FL 32542-6808; email: Edward.drouhard@eglin.af.mil.
  Ms. Celeste Prohaska, Phone: 850-883-3440, Address: AAC/YBR, 102 West D Avenue, Suite 373, Eglin AFB, FL 32542-6808; email: aileen.prohaska@eglin.af.mil.
  Mr. Rocky Tasse, Phone: 850-882-5270, Address: PO Box 1944, Bldg A10, Eglin AFB, FL 32542; email: rocky.tasse@eglin.af.mil.

Attachments:
Original EEOC appeal letter

080

CHRIS PHILLIPS EEOC APPEAL SUMMARY

- Complainant: Chris Phillips
  Address: PO Box 5956, Navarre, FL 32566
  Day Phone: 850-883-3573, Cell: 850-221-1933
  Email: Christopher.Phillips@eglin.af.mil

- Agency/Organization Complainant filed against: USAF, AAC/WMRR, Range Instrumentation Systems Program Office (RISPO), 102 West D Avenue, Suite 373, Eglin AFB, FL.

Overview: Mr. Phillips was hired by RISPO in Dec 01 as a GS-855-12 Electrical Engineer in the Foreign Military Sales (FMS) Branch, Saudi Arabia Program. The GS-13 Program Manager (PM) hired for the program at this time was a male. Mr. Phillips and this PM had gone to Saudi several times for program work. This male PM retired in May 03 and a female GS-13 was hired in his place. The major program in-country (Saudi) work began in June-Sept 03 and this female PM could not travel into areas of Saudi, per RISPO management. Mr. Phillips went to Saudi in summer 2003 for the work, unaccompanied by the GS-13 PM. Mr. Phillips filed an EEO Complaint in Feb 04 as a result of this issue, because of sustained on-going harassment by the PM, and because of non-action by agency to correct harassment. Mr. Phillips' complaint went to EEO ADR and a settlement agreement resulted. Agency had designated an EEO ADR management official, who was complainant's supervisor/Chief Engineer. In parallel with and prior to complaint filed, this agency official had informed Mr. Phillips, and informed the 8-member engineering staff including Mr. Phillips' fellow GS-13 FMS engineer that the two FMS engineering positions were "being abolished, no future in FMS for govt engineers, needed to be reassigned asap, etc." Mr. Phillips agreed to reassignment, per the EEO ADR agreement, based upon this "job-loss panic" information to "a position with promotion potential." Ironically, Mr. Phillips also received a Quality Step Increase (QSI) with the ADR agreement for his Saudi program exemplary performance.

After Mr. Phillips was reassigned laterally to another organization in May 04, the agency with no apparent hesitation upgraded Mr. Phillips' former position to a GS-13, and announces the position vacancy locally and on national employment website. The agency's management representative, and Mr. Phillips' former supervisor/Chief Engineer retires shortly after ADR agreement. Mr. Phillips applies for position and is referred as qualified. The agency declines the interview process, and then hires a lateral GS-13 with no FMS experience. Mr. Phillips files a Breach of EEO ADR complaint (Attachment B). EEO Manager rules that no breach occurred (Attachment A) based upon manpower workforce "shaping." Mr. Phillips receives this decision on January 20, 05. Agency recently announces staffing of another additional GS-13 RISPO FMS engineer. Mr. Phillips reiterates that the agency sternly informed him his job was being abolished, that he needed to find another position after he filed EEO complaint. Then, after reassignment to another org, agency upgrades Mr. Phillips' former position to a GS-13, and then announces another additional GS-13 Engineering position in same Branch.

Attachments include:

- EEOC Appeal form
- Attachment A: Findings by local EEO Manager and justification
- Attachment B: Breach complaint…additional attachments are cited but all are not attached for brevity (complainant can provide to EEOC investigator as needed)

081

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

RECEIVED @ AFCARO 2005 JUN 17 PM 1:47

Christopher R. Phillips,
Complainant,

v.

Michael L. Dominguez,
Acting Secretary,
Department of the Air Force,
Agency.

Appeal No. 01A52628

Agency No. 8I1M04008

DECISION

Complainant appeals to the Commission from the agency's decision, dated January 13, 2005, which concluded that there was no breach of settlement agreement pursuant to 29 C.F.R. § 1614.504(a). On March 2, 2004, parties resolved complainant's EEO matters by entering into a settlement agreement which provided in pertinent part that:

> 3a. [The agency agrees] to look for reassignment for [complainant] to another position out of YBR [the current department] that has career advancement potential."

At the time of the settlement agreement, the complainant's position was classified as GS-12. In May 2004, complainant was assigned to a new GS-12 position in another department. Complainant claims he was motivated to accept this reassignment because the agency led him to believe that his then-current position was slated for abolishment. Later, on September 27, 2004, an opening for his former position was advertised, but at the GS-13 level. Complainant applied for this position, but was not selected for an interview. On December 13, 2004, complainant notified the agency's EEO Manager that he believed the agency breached the settlement agreement. On January 13, 2005, the agency notified complainant that it did not believe it breached the settlement agreement.

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract

087

between the employee and the agency, to which ordinary rules of contract construction apply. *See Herrington v. Department of Defense*, EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v. Department of Veterans Affairs*, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. *See Hyon O v. United States Postal Service*, EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co. v. Building Eng'g Servs. Co.*, 730 F.2d 377 (5th Cir. 1984).

We find that complainant has not shown a breach of the settlement agreement. The agency did not promise to find complainant a position with career-advancement potential. Rather, the settlement agreement states that the agency was required to "look for" a new position. Complainant does not assert that the agency failed to do this. He instead claims that the agency misled him into accepting the new position and then upgraded the position he formerly held to the GS-13 level. Even if true, these actions by the agency did not violate the settlement agreement.

Based on a review of the record in this case, it is the decision of the Commission to AFFIRM the final agency decision.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box

19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

JUN 14 2005

Date

089

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

JUN 14 2005

Date

Equal Opportunity Assistant

090

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Christopher R. Phillips,
Complainant,

v.

Michael L. Dominguez,
Acting Secretary,
Department of the Air Force,
Agency.

RECEIVED
@ AFCARO
2005 AUG -5 PM 2:42

Request No. 05A51020

Appeal No. 01A52628

Agency No. 8I1M04008L05

DENIAL

Christopher R. Phillips (complainant) timely requested reconsideration of the decision in *Christopher R. Phillips v. Department of the Air Force*, EEOC Appeal No. 01A52628 (June 14, 2005). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b). However, we remind complainant that a "request for reconsideration is not a second appeal to the Commission." Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (rev. Nov. 9, 1999), at 9-17.

In his request, complainant reiterates arguments made on appeal. The agency makes no contentions. After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A52628 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this

decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

AUG - 3 2005

Date

CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

AUG - 3 2005

Date

Equal Opportunity Assistant

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Northern District of Florida

11/23/05
3:48 pm
P.S.

CHRISTOPHER R. PHILLIPS

V.

MICHAEL L. DOMINGUEZ, ACTING SECRETARY, DEPARTMENT OF THE AIR FORCE

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 3:05cv416/RV/EMT

3:45pm
11/23/05

TO: (Name and address of Defendant)

The United States Attorney
Gregory R. Miller
21 E. Garden Street
Suite 400
Pensacola, Florida 32502

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

R. John Westberry, Esquire
Holt & Westberry, P.L.
1108-A North 12th Avenue
Pensacola, Florida 32501

RECEIVED
PENSACOLA OFFICE
2005 NOV 23 P 3:42
OFFICE OF THE U.S. ATTORNEY
NORTHERN DISTRICT OF FLORIDA

an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

WILLIAM M. McCOOL, Clerk

CLERK

November 17, 2005

DATE

Teresa Cole

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 11/23/06 3:40p |
| NAME OF SERVER (PRINT) Mark Clark | TITLE CPS 341 |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☒ Other (specify): Jennifer Johnson Court Process Clerk

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11/23/06
Date

[signature]
*Signature of Server*

Ransacola, Fl
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

939
11/23/05
3:48 pm
P.S.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER R. PHILLIPS<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL L. DOMINGUEZ, Acting Secretary, DEPARTMENT OF THE AIR FORCE,<br><br>Defendant. | ) | CIVIL ACTION NO. 3:05cv 416/RV/EMT |

______________________________________/

## COMPLAINT

Plaintiff, CHRISTOPHER R. PHILLIPS, (hereinafter referred to as "Phillips") sues the Defendant, MICHAEL L. DOMINGUEZ, Acting Secretary, DEPARTMENT OF THE AIR FORCE, (hereinafter referred to as the "Agency"), and alleges as follows:

*JURISDICTION AND VENUE*

1. This is an action to enforce the terms of a settlement agreement entered into by and between the Plaintiff and the Defendant, to settle Plaintiff's complaint of gender discrimination made against the Defendant, pursuant to Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and, the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

2005 NOV 23 P 3: 42
RECEIVED
PENSACOLA OFFICE

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.
05 NOV -4 AM 11: 52
RECEIVED

3. Plaintiff has exhausted all required administrative remedies and was issued a right to sue by the Equal Employment Opportunity Commission, Office of Federal Operations, on August 3, 2005.

4. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

*PARTIES*

5. Plaintiff is an adult male citizen and is a resident of Okaloosa County, Florida. He is employed by the United States Air Force, as a GS-12 Systems Engineer.

6. Defendant, Department of the Air Force is a federal agency and is an employer within the meaning of 42 U.S.C. §2000e-(b).

*FACTS*

7. On June 24, 2003, Phillips contacted an Agency Equal Employment Opportunity (EEO) Counselor regarding allegations of gender discrimination and harassment.

8. On February 9, 2004, Phillips filed a formal complaint of discrimination with the Agency EEO office, alleging gender discrimination and harassment.

9. On March 4, 2004, Phillips and the Agency entered into a settlement agreement, in which Phillips agreed to withdraw his complaint of discrimination, in exchange for the following action by the Agency:

a. Reassign Phillips' supervisor within 60 calender days;

b. Submit Phillips for a Quality Step Increase (QSI);

c. Research availability of tuition assistance for Phillips to pursue an M.B.A.;

d. Look for reassignment for Phillips to another position out of his branch that has career advancement potential; and,

e. Keep Phillips apprised of the progress, at least monthly.

10. Plaintiff agreed to the reassignment set forth in paragraph "d" of the agreement, because he was told by the Agency that his position was being abolished.

11. Phillips relied upon the Agency's representations that his position was being abolished when he agreed to be reassigned.

12. In May 2004, the Agency reassigned Phillips from his GS-0855-12 position to a GS-0855 position in another organization, pursuant to paragraph "d" of the settlement agreement.

13. The position to which Phillips was reassigned has no career advancement potential.

14. On or about September 27, 2004, the Agency upgraded Phillips former position and advertised the vacancy as a GS-0801-13 position.

15. Phillips applied for the GS-0801-13 position. On October 25, 2004, he was referred on the certificate of candidates issued to Agency management for consideration of placement into the GS-0801-13 position.

16. On or about November 18, 2004, Phillips learned that he was not selected for the position and that the certification process was not used. Another employee was reassigned to fill the vacant GS-0801 position.

*COUNT I*
*(Breach of Settlement Agreement)*

17. Phillips repeats and realleges each and every allegation contained in

paragraphs 1 through 16 of this complaint with the same force and effect as if set forth herein.

18. The Agency's conduct set forth above constitutes a breach of the settlement agreement by fraudulently advising Phillips that his position was being abolished and by failing to place him in a position that has career potential.

19. Phillips is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

*SECOND CAUSE OF ACTION*
*(Fraudulent Inducement)*

20. Phillips repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this complaint with the same force and effect as if set forth herein.

21. The Agency made false and fraudulent representations to Phillips to induce him enter into the settlement agreement.

22. Phillips relied upon the representations made by Agency to his detriment.

23. Phillips is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

*PRAYER FOR RELIEF*

WHEREFORE, plaintiff respectfully requests this Court to enter a judgment:

(a) Enforcing the terms of the settlement agreement by placing Phillips in his former, now upgraded, GS0801-13 position;

(b) Directing the Agency to take such affirmative action as is necessary to ensure that the terms of the settlement agreement are enforced;

(d) Directing defendant to place plaintiff in the position he would have occupied but for Agency's fraudulent inducement and make him whole for all earnings he would have received but for defendant's fraudulent inducement, including but not limited to, wages, pension, and other lost benefits.

(e) Awarding plaintiff compensatory damages;

(f) Awarding plaintiff the costs of this action together with a reasonable attorney's fees, as provided by Title VII and the Civil Rights Act of 1991;

(g) Granting such other and further relief as the Court deems just and proper in the premises.

*DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Respectfully submitted,

R. JOHN WESTBERRY
Holt & Westberry, P. L.
1108-A North 12th Avenue
Pensacola, Florida 32501
(850) 434-7694
Florida Bar No. 244661

Attorney for the Plaintiff
CHRISTOPHER R. PHILLIPS

FILE

**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

CHRISTOPHER R. PHILLIPS )
)
Plaintiff, )
)
v. )
) CIVIL ACTION NO. 3:05cv416/RV/EMT
MICHAEL L. DOMINGUEZ, Acting )
Secretary, DEPARTMENT OF THE )
AIR FORCE, )
)
Defendant. )
)

**PLAINTIFF'S CONSENT MOTION TO TRANSFER CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS**

COMES NOW the Plaintiff, CHRISTOPHER R. PHILLIPS, by and through his undersigned attorney, and moves the Court for an Order transferring this case to the United State Court of Federal Claims, and shows as follows:

1. On March 4, 2004, the parties entered into a Negotiated Settlement Agreement which resolved Plaintiff's claim of discrimination.

2. Plaintiff filed the instant suit alleging that the Defendant breached the terms of the Negotiated Settlement Agreement..

3. Plaintiff suit alleges damages in excess of $10,000.00.

4. The United States Court of Federal Claims has exclusive jurisdiction of federal contract claims that exceed $10,000.00.



cc: Wirtanen

5. The undersigned has conferred with Pamela A. Moine, Esquire, the United States Attorney assigned this matter and the undersigned is authorized to represent that the Defendant has no objection to this motion and the relief requested herein.

WHEREFORE, the Plaintiff, Christopher R. Phillips, by and through his undersigned attorney requests the Court to enter an order transferring this matter to the United States Court of Federal Claims, and for such other and further relief as the Court deems just and proper in the premises.

**CERTIFICATE OF SERVICE**

_____I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to Pamela A. Moine, Esquire, Assistant United States Attorney, at 21 East Garden Street, Suite 400, Pensacola, Florida 32502-5675, by electronic transmission, on this the 30th day of March, 2006.

S/ R. John Westberry
R. JOHN WESTBERRY
1308 Dunmire Street, Suite B
Pensacola, Florida 32504
(850) 473-0401
Florida Bar No. 244661

Attorney for the Plaintiff
CHRISTOPHER R. PHILLIPS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

FILE

CHRISTOPHER R. PHILLIPS

VS

CASE NO. 3:05cv416/RV/EMT

MICHAEL L. DOMINGUEZ, ACTING SECRETARY, DEPARTMENT OF THE AIR FORCE

**REFERRAL AND ORDER**

Referred to Judge Vinson on 03/31/2006
Type of Motion/Pleading MOTION TO TRANSFER CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS
Filed by: PLAINTIFF on 3/30/06 Doc. No. 11
( X ) Stipulated/Consented/Joint Pleading
RESPONSES:
______ on ______ Doc. No. ______
______ on ______ Doc. No. ______

WILLIAM M. McCOOL, CLERK OF COURT

/s/ Teresa Cole
Deputy Clerk: Teresa Cole

---

**ORDER**

Upon consideration of the foregoing, it is ORDERED this 4th day of April, 2006, that:

(a) The requested relief is GRANTED.

(b) The Clerk of Court shall promptly transfer the case to the U.S. Court of Federal Claims.

/s/ *Roger Vinson*
ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE

Entered On Docket: ______ By: ___
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies sent to: ______

Document No.



nc: Winston