06-509C
Judge Hewitt

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

CHRISTOPHER PHILLIPS

Plaintiff,

v.

THE UNITED STATES

Defendant

---

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

R. JOHN WESTBERRY
1308 Dunmire Street, Suite B
Pensacola, Florida 32504
Tele: (850) 473-0401

Attorney for the Plaintiff
CHRISTOPHER PHILLIPS

# TABLE OF CONTENTS

PLAINTIFF'S BRIEF....................................................................................................4

STATEMENT OF THE ISSUES AND CASE...................................................................4

SUMMARY OF THE ARGUMENT................................................................................5

ARGUMENT....................................................................................................................6

CONCLUSION..................................................................................................................7

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Brown v. United States,
389 F.3d 1296 (D.C. Cir. 2004)....................7

Conley v. Gibson,
335 U. S. 41, 45-46, 78 S. Ct. 99, 2 L. ED. 2d 80 (1957)....................6

Caribbean Broad Sys. Ltd v. Cable & Wireless PLC,
149 F.3d 1080 (D.C. Cir. 1998)....................6

Hansson v. Norton,
411 F.3d 231 (D.C. Cir. 2005)....................6

Rochon v. Gonzales,
438 F.3d 1211 (D.C. Cir. 2006)....................6

Schaffer v. Veneman,
325 F.3d 370 (D.C. Cir. 2003)....................7

**STATUTES**

28 U.S.C. § 1331....................6

28 U.S.C. § 1346(a)(2)....................6

28 U.S.C. § 1491(a)(1)....................6

## PLAINTIFF'S BRIEF

## STATEMENT OF THE ISSUES AND OF THE CASE

The Plaintiff accepts the Statement of the Issues and the Statement of the Case, as set out in the Defendant's Brief.

## SUMMARY OF THE ARGUMENT

______The Plaintiff's complaint should not be dismissed for lack of subject matter jurisdiction and/or for failure to state a cause of action upon which relief can be granted. However, if the complaint is dismissed, the dismissal should be without prejudice to allow Plaintiff to file an amended complaint.

______

## ARGUMENT

### I. Legal Standards Pursuant to RCFC 12(b)(1) and 12(b)(6)

A complaint should not be dismissed for failure to state a claim unless, taking as true the facts alleged in the complaint, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 335 U. S. 41, 45-46, 78 S. Ct. 99, 2 L. ED. 2d 80 (1957). The issue presented by a motion to dismiss in not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Caribbean Broad Sys. Ltd. v. Cable & Wireless PLC, 149 F.3d 1080, 1086 (D.C. Cir. 1998).

### II. Court's Jurisdiction Over Plaintiff's Claim For Breach of a Settlement Agreement

The Plaintiff inadvertently failed to allege the jurisdictional basis of the Tucker Act and incorrectly alleged 28 U.S.C. § 1331, which pertains to jurisdiction in the district courts. The Plaintiff should be allowed to correct this error by amending to his complaint.

The Tucker Act provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded...upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (2000). When the contract claim is for damages in excess of $10,000, the jurisdiction of the Court of Federal Claims is exclusive. Id. § 1346(a)(2) (2000). A claim for a breach of a Title VII settlement agreement is a contract claim within the meaning of the "Tucker Act. Rochon v. Gonzales, 438 F.3d 1211 (D.C. Cir. 2006); Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir. 2005).

### III. The Alleged Breach of the EEO Settlement Agreement Is the Proximate Cause of the Damages Claimed.

It is clear from a reading of Count I of Plaintiff's complaint that the breach of the settlement

agreement caused Plaintiff's claimed damages. However, if the Court finds that the Plaintiff must specifically plead that the breach by the government caused him damage, Plaintiff should be given an opportunity to amend his complaint to include this allegation.

**IV. Plaintiff's Claim for Fraudulent Inducement**

If the Court finds that the Plaintiff failed to allege that the Government breached a contract, Plaintiff should be given an opportunity to amend his complaint.

**V. Plaintiff's Request for Attorney Fees and Request for Jury Trial**

The Plaintiff contends that he is entitled to attorney fees under Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir. 2005); Shaffer v. Veneman, 325 F.3d 370, 372 (D.C. Cir. 2003); and Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004).

Plaintiff concedes that he is not entitled to a jury trial in this Court.

**CONCLUSION**

The Plaintiff's complaint should not be dismissed for lack of subject matter jurisdiction and/or for failure to state a cause of action upon which relief can be granted. However, if the complaint is dismissed, the dismissal should be without prejudice to allow Plaintiff to file an amended complaint.

Respectfully submitted,

R. JOHN WESTBERRY
1308 Dunmire Street, Suite B
Pensacola, Florida 32504
Tele: (850) 473-0401

Attorney for the Plaintiff
CHRISTOPHER PHILLIPS

**CERTIFICATE OF FILING AND SERVICE**

I HEREBY CERTIFY that on the 29th day of November, 2006, a copy of the foregoing "Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ R. John Westberry