IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHRISTOPHER PHILLIPS,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-509C (Judge Hewitt) |

**DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of our motion to dismiss. Because the plaintiff, Mr. Christopher Phillips, fails to make any arguments or plead any facts that establish a basis for the Court's jurisdiction, or state a claim upon which relief can be granted, his complaint should be dismissed.

**ARGUMENT**

**I. This Court Does Not Possess Jurisdiction Over Mr. Phillips' Claim For Breach Of A Title VII Settlement Agreement, Or Alternatively, Mr. Phillips Fails To State A Claim For Breach Of A Title VII Settlement Agreement**

The Government moved to dismiss on the ground that the Court lacks jurisdiction to consider Mr. Phillips' claims because Mr. Phillips assertion of jurisdiction pursuant to Title VII fails. In support of his jurisdictional argument, Mr. Phillips simply states in his opposition that "[a] claim for breach of a Title VII settlement agreement is a contract claim within the meaning of the 'Tucker Act,'" without further explanation. Plaintiff's Brief In Opposition To Defendant's Motion To Dismiss ("Pl. Br.") 6. Although the two cases cited by Mr. Phillips, Rochon v. Gonzales, 438 F.3d 1211 (D.C. Cir. 2006), and Hansson v. Norton, 411 F.3d 231 (D.C. Cir. 2005), stand for that general proposition, the D.C. Circuit further stated that only straightforward

contract issues belong in the Court of Federal Claims, not claims that require an interpretation of Title VII with respect to a discrimination complaint or claims that seek equitable relief. Rochon, 438 F.3d at 1215; Hansson, 411 F.3d at 232. According to the D.C. Circuit, this Court's decisions dismissing claims for breach of Title VII settlement agreements for lack of jurisdiction were proper because those cases involved claims for equitable relief, which this Court may not award. Hansson, 411 F.3d at 236. Therefore, in order to invoke this Court's jurisdiction, Mr. Phillips still must present a claim for "actual, presently-due money damages from the United States." United States v. King, 395 U.S. 1, 3 (1969); New York Life Ins. Co. v. United States, 118 F. 3d 1553, 1556 (Fed. Cir. 1997) ("The claim must, of course, be for money."). It is not enough for Mr. Phillips simply to assert a claim for money damages. See Griswold v. United States, 61 Fed. Cl. 458, 465 (2004). Rather, Mr. Phillips must establish that a substantive right enforceable against the United States for money damages exists. Id. (citing United States v. Testan, 424 U.S. at 398).

Mr. Phillips alleges that the Government breached the provision of the settlement agreement because his reassignment position has no career advancement potential and that he only agreed to the reassignment because he was told by the agency that his position was being abolished. Complaint ("Compl.") ¶¶ 10, 13, Defendant's Appendix ("DA") 10. Mr. Phillips does not allege that the Government failed to pay any money due pursuant to the settlement agreement. Nor does the settlement agreement expressly mandate the payment of money damages in the event of a purported breach. Indeed, Mr. Phillips' complaint does not seek presently due money damages. Instead, he requests that the Court "enforce the terms of the settlement agreement by placing Phillips in his former, now upgraded, GS0801-13 position;"

direct the agency "to take such affirmative action as is necessary to ensure that the terms of the settlement agreement are enforced;" and direct "defendant to place plaintiff in the position he would have occupied but for Agency's fraudulent inducement and make him whole for all earnings he would have received." Compl. prayer for relief. The substantive rights Mr. Phillips identifies do not entitle him to money damages. See Griswold, 61 Fed. Cl. at 465-66 (finding that plaintiffs' identified substantive right to notice cannot be fairly interpreted to require the Government to pay money for the damages sustained). Accord United States v. Testan, 424 U.S. 392, 406 (1976) ("federal employee is entitled to receive only the salary of the position to which he was appointed."). Accordingly, we respectfully request that the Court dismiss Mr. Phillips' complaint for lack of subject matter jurisdiction.

Alternatively, if the Court finds jurisdiction, this case should be dismissed for failure to state a claim based upon the same reasoning above. Westover v. United States, 71 Fed. Cl. 635, 640 (2006) ("The court has jurisdiction over plaintiff's claim, but cannot grant relief of the type [reinstatement to former position and backpay] that plaintiff is seeking."); Taylor v. United States, 2006 WL 2949283, *13 (Fed. Cl. 2006) (the Court ruled that it had jurisdiction, but plaintiff failed to state a claim for breach of contract because the Government satisfied its contractual obligations under the settlement agreement). Accordingly, we respectfully request that the Court, alternatively, dismiss Mr. Phillips' complaint for failure to state a claim.

Although Mr. Phillips admits in his opposition that he incorrectly alleged 28 U.S.C. § 1331 as a basis for jurisdiction, he does not aver what is the proper basis. Pl. Br. 6. He only states that he "should be allowed to correct this error by amending . . . his complaint." Pl. Br. 6. If the Court liberally construes plaintiff's request as a motion to amend it should be denied.

RCFC 15(a) permits amendment by right "once as a matter of course at any time before a responsive pleading is served." Rivera Agredano v. United States, 70 Fed. Cl. 564, 579 (2006) (citing RCFC 15(a)). Once that time has expired, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party." Id. "[L]eave shall be freely given when justice so requires." Id. However, the Court will not grant leave to amend a complaint if it would be futile. Id. (citations omitted). An amendment in this case would be futile because Mr. Phillips' has not identified any newly discovered evidence or change in facts, provided any additional relevant facts, or disputed our proposed statement of facts that could change the outcome of this case even if the Court granted him leave to amend his complaint. See Pl. Br. 4. Mr. Phillips' request for leave to amend is general and fails to specify which additional facts are needed to establish any of his claims, why an amendment is necessary, or the ways in which that amendment would help him establish his claims. "Without a specific statement as to the reasons why 'justice [would] require' amendment, the [C]ourt cannot allow . . . [Mr. Phillips] to amend . . . [his] complaint." Rivera Agredano, 70 Fed. Cl. at 580. Therefore, Mr. Phillips' complaint should be dismissed.

## II. The Alleged Breach Of The EEO Settlement Agreement Is Not The Proximate Cause Of The Damages Claimed

As demonstrated in the Government's motion to dismiss, Mr. Phillips also fails to state a claim upon which relief can be granted because the alleged breach of the settlement agreement is not the proximate cause of the damages sought. Mr. Phillips must allege that "but for" the Government's alleged breach, he would not have suffered his claimed damages. However, he fails to allege that any breach by the Government caused him damage. See San Carlos Irrigation

and Drainage Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997); see also Hughes Communications Galaxy, Inc. v. United States, 271 F.3d 1060, 1065 (Fed. Cir. 2001); Wells Fargo Bank, N.A. v. United States, 88 F.3d 1012, 1020 (Fed. Cir. 1996). Mr. Phillips merely makes the conclusory allegation that "[i]t is clear from a reading of Count I of Plaintiff's complaint that the breach of the settlement agreement caused Plaintiff's claimed damages." Pl. Br. 7. The settlement agreement states that the agency was required to "look for" a new position, not that the agency was required to find him a position with career advancement potential. DA 1. Mr. Phillips does not assert that the agency failed to do this, rather, he claims that the agency misled him into accepting the new position and then upgraded the position he formerly held to the GS-13 level. Compl. ¶¶ 10, 11, 14. Even if true, these actions by the agency did not violate the settlement agreement. DA 16. By actually finding Mr. Phillips another position the Government more than satisfied its contractual obligations. DA 4. Because Mr. Phillips fails to identify how the Government breached its agreement, the Court, in the event that it assumes jurisdiction, should dismiss Mr. Phillips' claim for failure to state a claim upon which relief can be granted.

Again, Mr. Phillips states that he "should be given an opportunity to amend his complaint" if he "must specifically plead that the breach by the government caused him damage." Pl. Br. 7. It is well-established that the grant or denial of an opportunity to amend pleadings is within the discretion of the trial court. RCFC 15(a). For the reasons stated in section I above, the futility of amendment justifies the denial of a motion for leave to amend. Therefore, dismissal is appropriate.

**III. Mr. Phillip Has Failed To State A Claim For Fraudulent Inducement Because He Fails To Allege The Government Breached A Contract**

Mr. Phillips alleges that the Government made fraudulent representations to him to induce him to enter into the settlement agreement. Compl. ¶¶ 20-23. Specifically, he alleges that he was told that his prior position was being abolished and he relied upon that representation when he agreed to be reassigned. Compl. ¶¶ 10, 11. A party's subjective intentions cannot override the plain and unambiguous language of an agreement. W & F Bld. Maint. Co. v. United States, 56 Fed. Cl. 62, 71 (2003). The settlement agreement states that the Government agreed "to look for reassignment for Mr. Phillips to another position out of YBR [his current branch] that has career advancement potential." DA 1. Mr. Phillips alleges that his current position has no career advancement potential. Compl. ¶ 13. However, the unambiguous language of the settlement agreement states that the defendant only agreed to "look for" reassignment for Mr. Phillips to another position. DA 1. Therefore, the Court should dismiss Mr. Phillips' fraudulent inducement claim pursuant to RCFC 12(b)(6).

Mr. Phillips only response to the Government's argument is "[p]laintiff should be given an opportunity to amend his complaint." Pl. Br. 7. For the reasons stated above, any amendments to the complaint would be a futile gesture. Therefore, the Court should dismiss the complaint.

**IV. Mr. Phillips Is Not Entitled To Attorney Fees Pursuant To Title VII**

Mr. Phillips asserts he is entitled to attorney's fees pursuant to Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir 2005), Shaffer v. Veneman, 325 F.3d 370, 372 (D.C. Cir. 2003), and Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004). Pl. Br. 7. However, those cases

stand for the general proposition that a claim for the breach of Title VII settlement agreement is a contract claim within the meaning of the Tucker Act, not that attorney's fees provided by Title VII are recoverable in this Court. Hansson, 411 F.3d at 232, Shaffer, 325 F.3d at 372, and Brown, 389 F.3d at 1297. Specifically, in the Hansson case, the court held that the plaintiff's claim for attorney's fees involved contract issues that belonged in this Court because her settlement agreement included the recovery of attorney's fees. Hansson, 411 F.3d at 232. In other words, the award of attorney's fees was a term of the settlement agreement or contract. Id. That is not the case here; in fact, the settlement agreement specifically states "[t]he respective parties will bear their own costs, including attorney fees." DA 1.

Because the award of attorney's fees is not a contract term, this Court's Tucker Act jurisdiction may be pre-empted where there is a comprehensive, precisely-drawn statutory scheme providing for judicial review of the matter in another forum. See Wilson v. United States, 405 F.3d 1002, 1015 (Fed. Cir. 2005). In the past, this Court has recognized that Title VII is such a comprehensive, precisely-drawn statutory scheme that provides judicial review of Federal employees' discrimination claims in district court. Lee v. United States, 33 Fed. Cl. 374, 378 (1995) (citing Brown v. General Servs. Admin., 425 U.S. 820, 829 (1976)). Included in that precisely-drawn statutory scheme is the power to award attorney fees, pursuant to 42 U.S.C. § 2000e-5(k). Accordingly, this Court lacks jurisdiction to entertain requests for attorney fees as provided by Title VII, and exclusive jurisdiction over such claims rests with the district court.

## CONCLUSION

For these reasons, and those provided in our motion to dismiss, the United States respectfully requests that this Court deny plaintiff's request to amend his complaint and dismiss

plaintiff's complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Elizabeth Thomas
ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C., 20530
Tel: (202) 616-2377
Fax: (202) 305

December 18, 2006

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 18th day of December, 2006, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elizabeth Thomas