**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CHRISTOPHER R. PHILLIPS

Plaintiff,

v.

THE UNITED STATES,

Defendant.

NO. 06-509 C

Judge Emily C. Hewitt

---

**AMENDED COMPLAINT**

______Plaintiff, CHRISTOPHER R. PHILLIPS, (hereinafter referred to as “Phillips”) sues the Defendant, THE UNITED STATES, and alleges as follows:

*JURISDICTION AND VENUE*

1. This is an action to enforce the terms of a settlement agreement entered into by and between the Plaintiff and the Defendant, to settle Plaintiff’s complaint of gender discrimination made against the Defendant, pursuant to Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and, the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1491(a)(1) (2000).

3. The Plaintiff’s damages are in excess of $10,000.00.

*PARTIES*

4. Plaintiff is an adult male citizen and is a resident of Okaloosa County, Florida. At all times material hereto, he was employed by the United States Air Force, as a GS-12 Systems Engineer.

5. The Department of the Air Force (hereinafter referred to an the "Agency"), is a federal agency and is an employer within the meaning of 42 U.S.C. §2000e-(b).

*FACTS*

6. On June 24, 2003, Phillips contacted an Agency Equal Employment Opportunity (EEO) Counselor regarding allegations of gender discrimination and harassment.

7. On February 9, 2004, Phillips filed a formal complaint of discrimination with the Agency EEO office, alleging gender discrimination and harassment.

8. On March 4, 2004, Phillips and the Agency entered into a settlement agreement, in which Phillips agreed to withdraw his complaint of discrimination, in exchange for the following action by the Agency:

a. Reassign Phillips' supervisor within 60 calender days;

b. Submit Phillips for a Quality Step Increase (QSI);

c. Research availability of tuition assistance for Phillips to pursue an M.B.A.;

d. Look for reassignment for Phillips to another position out of his branch that has career advancement potential; and,

e. Keep Phillips apprised of the progress, at least monthly.

9. Plaintiff agreed to the reassignment set forth in paragraph "d" of the agreement, because he was told by the Agency that his position was being abolished.

10. Phillips relied upon the Agency's representations that his position was being abolished when he agreed to be reassigned.

11. In May 2004, the Agency reassigned Phillips from his GS-0855-12 position to a GS-0855 position in another organization, pursuant to paragraph "d" of the settlement agreement.

12. The position to which Phillips was reassigned has no career advancement potential.

13. On or about September 27, 2004, the Agency upgraded Phillips former position and advertised the vacancy as a GS-0801-13 position.

14. Phillips applied for the GS-0801-13 position. On October 25, 2004, he was referred on the certificate of candidates issued to Agency management for consideration of placement into the GS-0801-13 position.

15. On or about November 18, 2004, Phillips learned that he was not selected for the position and that the certification process was not used. Another employee was reassigned to fill the vacant GS-0801 position.

*COUNT I*
*(Breach of Settlement Agreement)*

16. Phillips repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this complaint with the same force and effect as if set forth herein.

17. The Agency's conduct set forth above constitutes a breach of the settlement agreement by fraudulently advising Phillips that his position was being abolished and by failing to place him in a position that has career potential.

18. As a direct and proximate cause of the Agency's breach of the settlement agreement, Phillips is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

*SECOND CAUSE OF ACTION*
*(Fraudulent Inducement)*

19. Phillips repeats and realleges each and every allegation contained in paragraphs 1 through 18 of this complaint with the same force and effect as if set forth herein.

20. The Agency made false and fraudulent representations to Phillips to induce him to enter into the settlement agreement.

21. Phillips relied upon the representations made by Agency to his detriment.

22. As a direct and proximate cause of the Agency's fraudulent inducement, Phillips is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

*PRAYER FOR RELIEF*

WHEREFORE, plaintiff respectfully requests this Court to enter a judgment:

(a) Enforcing the terms of the settlement agreement by placing Phillips in his former, now upgraded, GS0801-13 position;

(b) Award plaintiff damages for the breach of the agreement;

(c) Award plaintiff wages he would have received prior to the Agency's fraudulent inducement.

Respectfully submitted,

/s/ R. John Westberry

R. JOHN WESTBERRY
1308 Dunmire Street, Suite B
Pensacola, Florida 32504
(850) 473-0401
Florida Bar No. 244661

Attorney for the Plaintiff
CHRISTOPHER R. PHILLIPS

**CERTIFICATE OF FILING AND SERVICE**

I HEREBY CERTIFY that on the 1st day of March, 2007, a copy of the foregoing "Amended Complaint" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ R. John Westberry