No. 06-509 C
(Judge Hewitt)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CHRISTOPHER R. PHILLIPS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S RENEWED MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

CAPT Ryan Lambrecht
AFLOA/JAGC
Department of the Air Force
1501 Wilson Blvd, 7th floor
Arlington, VA 22209

TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-2228
Fax: (202) 514-8624

April 18, 2007

Attorneys for Defendant

**TABLE OF CONTENTS**

**PAGE(S)**


TABLE OF CONTENTS . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . ii

DEFENDANT'S RENEWED MOTION TO DISMISS . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . 3

I. Standard of Review . . . . . . . . . . 3

II. This Court Does Not Possess Jurisdiction Over Claims For Breach Of A Title VII Settlement Agreement Unless The Claim Is A Pure Contract Claim For Presently Due Money Damages That Neither Seeks Any Equitable Relief Nor Requires An Interpretation Of Title VII_ . . . . . . . . . . 4

A. This Court's Jurisdiction Over Title VII Settlement Agreements Is Limited . . . . . . . . . . 4

B. This Court Lacks Jurisdiction Over Mr. Phillips' Claims To The Extent He Claims Monetary Damages As A Result Of Discriminatory Practices 8

C. This Court Cannot Grant The Equitable Relief Mr. Phillips Seeks . . . . . . 9

III. The Complaint Fails To State A Claim Because Mr. Phillips Cannot Show, Based On The Facts Alleged, That The Air Force Breached The Agreement Or Fraudulently Induced Him Into Entering The Agreement . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Baskett v. United States,
2 Cl. Ct. 356 (1983) . . . . . . . . . . 12

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . 3

Bradley v. Chiron Corp.,
136 F.3d 1317 (Fed. Cir. 1998) . . . . . . . . . . 4

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . 4

Fausto v. United States,
16 Cl. Ct. 750 (1989) . . . . . . . . . . 5

First Hartford Corp. v. United States,
194 F.3d 1279 (Fed. Cir. 1999) . . . . . . . . . . 9

Folden v. United States,
379 F.3d 1344 (Fed. Cir. 2004) . . . . . . . . . . 3

Griswold v. United States,
61 Fed. Cl. 458 (2004) . . . . . . . . . . passim

Hansson v. Norton,
411 F.3d 231 (D.C. Cir. 2005) . . . . . . . . . . 7, 8

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . 3

Kokkonen v. Guardian Life Ins. Co. of Am.,
511 U.S. 375 (1994) . . . . . . . . . . 6

Lee v. United States,
33 Fed. Cl. 374 (1995) . . . . . . . . . . 5, 6

Massie v. United States,
166 F.3d 1184 (Fed. Cir. 1999) . . . . . . . . . . 6, 7

Mitchell v. United States,
44 Fed. Cl. 437 (1999) . . . . . . . . . . 5

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

New York Life Ins. Co. v. United States,
118 F. 3d 1553 (Fed. Cir. 1997) . . . . . . . . 8

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . 4

Pines Residential Treatment Ctr. v. United States,
64 Fed. Cl. 307 (2005) . . . . . . . . 8

Schnelle v. United States,
69 Fed. Cl. 463 (2006) . . . . . . . . 6, 10

Steel Co. v. Citizens for a Better Environment,
523 U.S. 83 (1998) . . . . . . . . 3

Taylor v. United States,
54 Fed. Cl. 423 (2002) . . . . . . . . 5, 6

United States v. King,
395 U.S. 1 (1969) . . . . . . . . 8, 9

United States v.Testan,
424 U.S. 392 (1976) . . . . . . . . passim

Villier v. United States,
17 Cl. Ct. 341 (1989) . . . . . . . . 9

Westover v. United States,
71 Fed. Cl. 635 (2006) . . . . . . . . 6, 10

Wilson v. United States,
58 Fed. Cl. 760 (2003) . . . . . . . . 4, 10

**STATUTES**

29 C.F.R. § 1614.504 . . . . . . . . 10

28 U.S.C. § 1331 . . . . . . . . 4, 5

28 U.S.C. § 1491(a)(1) . . . . . . . . 4, 5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHRISTOPHER R. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-509 C |
| | ) | |
| | ) | |
| v. | ) | (Judge Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RENEWED MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that plaintiff's amended complaint be dismissed for lack of subject matter jurisdiction, or, to the extent this Court possesses jurisdiction, that the complaint be dismissed for failure to state a claim upon which relief can be granted. As set forth below, the amendments to the complaint do not cure the lack of subject matter jurisdiction as raised in the defendant's first motion to dismiss, filed on November 3, 2006, and which this Court denied without prejudice on February 8, 2007. In support of this motion, we rely upon the amended complaint ("Am. Compl."), the appendix to the defendant's original motion to dismiss ("DA"), and the following brief.

STATEMENT OF THE FACTS

For our statement of facts, we incorporate the statement of facts in the defendant's original motion to dismiss. We provide the following statement of facts as a brief summary. At the relevant time, Mr. Phillips was employed as a GS-12 Engineer at Eglin Air Force Base, Florida. On March 4, 2004, Mr. Phillips and the Air Force entered into a Negotiated Settlement Agreement to resolve an EEO complaint Mr. Phillips had filed in February 2004. Am. Compl. ¶ 8. In exchange for the withdrawal of Mr. Phillips's complaint, the Air Force agreed to, within 60 days, reassign Mr. Phillips's supervisor outside the organization, submit Mr. Phillips for a

Quality Step Increase (QSI), and research the viability of tuition assistance for an MBA degree. Furthermore, in paragraph 3 of the agreement, the Air Force agreed to: (a) "To look for reassignment for Mr. Phillips to another position out of YBR that has career advancement potential" and (b) keep Mr. Phillips apprised of the progress. DA2.

On April 19, 2004, Mr. Phillips received notice that he was being reassigned to AAC/EN YV as an Electronics Engineer, GS-0855-12, effective May 3, 2004. Am. Compl. ¶ 11. This new reassignment was outside Mr. Phillips's current organization. The letter informed Mr. Phillips that the position was "conducive to career advancement potential dependent on your personal level of performance and contribution." DA4. On September 27, 2004, the Air Force advertised a vacancy for a systems development engineer, GS-13, in Mr. Phillips's former branch. DA5. Mr. Phillips applied, but was not selected, for that position. Am. Compl. ¶ 15; DA8.

On December 14, 2004, Mr. Phillips notified the EEO manager that he believed the Air Force was not complying with the settlement agreement. DA10. Mr. Phillips alleged that the only reason he agreed to the reassignment was because he believed his original position was being abolished. On January 13, 2005, the EEO manager concluded that no breach of the settlement agreement had occurred and notified Mr. Phillips of his appeal rights. DA12. After seeking reconsideration, which was denied, Mr. Phillips filed a complaint in the United States District Court, Northern District of Florida, which was ultimately transferred to this Court.

As we did in our initial motion to dismiss, we accept the plaintiff's statement of facts as true for purposes of this motion.

STATEMENT OF THE ISSUES

(1) Whether this Court lacks subject matter jurisdiction to entertain Mr. Phillips' Title VII settlement claim because his request is one for equitable relief and cannot present a claim for actual, presently-due money damages.

(2) Whether, assuming this Court possesses jurisdiction, Mr. Phillips' complaint fails to state a claim upon which relief could be granted.

SUMMARY OF THE ARGUMENT

Mr. Phillips has failed to establish how his claim meets all of the elements of the Tucker Act, thus failing to show that this Court possesses jurisdiction over his claim. Because Mr. Phillips cannot show that he has an enforceable right against the United States for money damages, and because this Court cannot grant the equitable relief he seeks, this Court should dismiss the complaint.

ARGUMENT

I. Standard of Review

Whether the Court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, or on appeal. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004); Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993).

Determination of jurisdiction "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citation omitted). Conclusory allegations of law and unwarranted inferences of fact "do not suffice to

support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998). The burden of establishing the Court's subject matter jurisdiction rests with the party seeking to invoke it. Wilson v. United States, 58 Fed. Cl. 760, 762 (2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005).

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle him to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Dismissal pursuant to Rule 12(b)(6) is proper when it is apparent that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. This Court Does Not Possess Jurisdiction Over Claims For Breach Of A Title VII Settlement Agreement Unless The Claim Is A Pure Contract Claim For Presently Due Money Damages That Neither Seeks Any Equitable Relief Nor Requires An Interpretation Of Title VII

Mr. Phillips amended his complaint in order to allege that the Tucker Act, and not 28 U.S.C. § 1331, is the basis for this Court's jurisdiction. Am. Compl. ¶ 2. However, this purely cosmetic amendment does not remedy the settlement agreement's lack of a mandate of presently-due monetary damages. Because Mr. Phillips cannot establish that this Court possesses jurisdiction and because he has failed to state a claim, the amended complaint should be dismissed.

### A. This Court's Jurisdiction Over Title VII Settlement Agreements Is Limited

This Court possesses jurisdiction to entertain certain actions pursuant to the Tucker Act. The Tucker Act waives the United States' sovereign immunity for actions "founded either upon the Constitution, or any Act of Congress or any regulations of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . ." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, does not create a substantive right of recovery against the United States. United States v.Testan,

424 U.S. 392, 398-99 (1976). Instead, a claim for money damages must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Id. at 401-02. The amended complaint, which now cites the Tucker Act, 28 U.S.C. § 1491, in place of 28 U.S.C. § 1331, does not address the substantial requirements of the Tucker Act.

Whether this Court possesses jurisdiction to entertain a claim for breach of a settlement agreement resulting from a Title VII action is a complex question. Generally, this Court has held that it does not possess jurisdiction to entertain claims that the Government breached settlement agreements resulting from Title VII actions where the plaintiff seeks some kind of equitable relief. See Griswold v. United States, 61 Fed. Cl. 458 (2004) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included equitable orders of reinstatement, future notice of civil service exams, access to civil service examinations, and other appropriate equitable relief); Taylor v. United States, 54 Fed. Cl. 423 (2002) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included adjustments to annual and sick leave, seniority, entry date, and salary); Mitchell v. United States, 44 Fed. Cl. 437 (1999) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included determination that settlement agreement did not encompass all of plaintiff's Title VII actions); Lee v. United States, 33 Fed. Cl. 374 (1995) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included adjustment of plaintiff's performance rating and increase of Employee Performance Management System award); Fausto v. United States, 16 Cl. Ct. 750 (1989) (dismissing claim for breach of Title VII settlement agreement for lack of

jurisdiction where relief sought included providing plaintiffs with a Form 50 that included the reasons for plaintiff's resignation).

However, this Court does not necessarily lack jurisdiction to entertain every Title VII settlement agreement. See Schnelle v. United States, 69 Fed. Cl. 463, 465 n.1 (2006); Westover v. United States, 71 Fed. Cl. 635 (2006). The determination depends upon whether the plaintiff's claims amount to an action or proceeding arising under Title VII or are simply contractual claims within this Court's Tucker Act jurisdiction. Taylor, 54 Fed. Cl. at 425; Lee, 33 Fed. Cl. at 379.

For example, in other settlement agreement contexts, the Supreme Court has held that enforcement of a settlement agreement, whether through an award of damages or specific performance, is not a continuation or renewal of the dismissed suit, and, therefore, requires its own basis for jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). The Supreme Court concluded that a district court has ancillary jurisdiction to enforce a settlement agreement only if the court, either by a separate provision or by incorporation, makes the settlement agreement part of its dismissal order because a breach of the agreement would then be a violation of that order. Id. at 381.

Similarly, in Massie v. United States, the United States Court of Appeals for the Federal Circuit held that this Court possessed jurisdiction to entertain an action for breach of an agreement to pay plaintiff's claim arising under the Military Claims Act ("MCA"). 166 F.3d 1184, 1188 (Fed. Cir. 1999) ("An agreement to pay an MCA claim presumptively satisfies the Tucker Act because 'any agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government.'"). The appellate

court found that this Court possessed jurisdiction for three reasons. First, it found that "[a]n agreement to pay an MCA claim is more akin to a procurement contract than a settlement agreement." Id. Second, the court stated that the MCA agreement "fits the classic definition of an express contract" and emphasized that it "contains no clause requiring the Secretary to finally and conclusively adjudicate disputes arising from it." Id. Finally, the court added that disposition of the Massies' contract claim would not require "review of subject matter reserved to another body." Id.

Thus, although the Court of Appeals for the Federal Circuit agreed that a contract will not fall within this Court's Tucker Act jurisdiction where Congress has placed jurisdiction elsewhere, it held that the MCA does not address the breach of agreements to pay MCA claims, and, therefore, the MCA does not deprive this Court of jurisdiction over such claims. Id. The plaintiff in Massie was not seeking a review of issues related to the MCA, but only sought to enforce her agreement with the Government. Id.

The United States Court of Appeals for the District of Columbia Circuit has concurred with the Federal Circuit's reasoning in Massie and has applied it to claims for breach of Title VII settlement agreements. See Greenhill v. Spellings, case no. 06-5030 (D.C. Cir. Apr. 6, 2007) (slip opinion incl. in appendix); Hansson v. Norton, 411 F.3d 231 (D.C. Cir. 2005). In Hansson, the D.C. Circuit dismissed a claim for breach of a Title VII settlement agreement for lack of jurisdiction where the plaintiff sought only monetary relief and disposition of the claim would not require review of Title VII subject matter. Hansson, 411 F.3d at 237 ("Because [plaintiff's claim] neither requires an interpretation of Title VII with respect to her discrimination complaint nor seeks equitable relief under Title VII, but rather . . . is a contract claim against the United

States for more than $10,000[,] . . . it is within the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act."). Specifically, the plaintiff in Hansson claimed the Government failed to pay her attorney fees pursuant to the Title VII settlement agreement. Id. The D.C. Circuit opined that the Federal Circuit "appears to agree with this court's precedent that the Court of Federal Claims lacks jurisdiction under the Tucker Act only if 'disposition of the contract claim would require review of the subject matter reserved to another body.'" Id. at 236.

Accordingly, in cases where a plaintiff seeks wholly contractual, pure monetary relief, this Court arguably may possess jurisdiction over a Title VII settlement agreement. However, in order to invoke the Court's jurisdiction, Mr. Phillips still must present a claim for "actual, presently-due money damages from the United States." United States v. King, 395 U.S. 1, 3 (1969); New York Life Ins. Co. v. United States, 118 F. 3d 1553, 1556 (Fed. Cir. 1997) ("The claim must, of course, be for money."). It is not enough for Mr. Phillips simply to assert a claim for money damages. Griswold, 61 Fed. Cl. at 465. Rather, he must establish that a substantive right enforceable against the United States for money damages exists. Id. (citing Testan, 424 U.S. at 398). Moreover, the alleged substantive right must be of the type that can be fairly interpreted as mandating compensation by the Government for the damage sustained. Id.

B. This Court Lacks Jurisdiction Over Mr. Phillips' Claims To The Extent He Claims Monetary Damages As A Result Of Discriminatory Practices

Mr. Phillips claims that he suffers "irreparable injury and monetary damages as a result of [the] defendant's discriminatory practices." Am. Compl. ¶¶ 18; 22. This Court clearly lacks jurisdiction to entertain discrimination claims arising from Title VII of the Civil Rights Act because jurisdiction to entertain such claims is vested exclusively in the district courts. Pines Residential Treatment Ctr. v. United States, 64 Fed. Cl. 307, 315 (2005); see 42 U.S.C. §§

2000e-5, e-16. Because Mr. Phillips' claim for damages appears to be tied to his substantive rights under Title VII, this Court does not possess jurisdiction over this claim. Thus, to the extent that Mr. Phillips seeks judicial review of his substantive discrimination claim, that claim must be dismissed.

C. This Court Cannot Grant The Equitable Relief Mr. Phillips Seeks

Moreover, this Court cannot grant the equitable relief Mr. Phillips requests. The United States Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction or a declaratory judgment, or specific performance." First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999). With certain strictly limited exceptions, there is no provision in the Tucker Act authorizing this Court to order equitable relief. See King, 395 U.S. at 4 ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"). But see 28 U.S.C. § 1491(b)(2) (permitting the Court of Federal Claims to grant declaratory and injunctive relief in actions regarding Government solicitations).

The gravamen of the complaint appears to be that the Air Force breached the settlement agreement by not placing Mr. Phillips in a position that had career potential and by not abolishing Mr. Phillips' original position. Am. Compl. ¶ 17. Mr. Phillips seeks to be reinstated to his "former, now upgraded, GS[-]0801-13 position." Am. Compl. at 4. It is well settled that this Court cannot provide equitable relief and cannot appoint Mr. Phillips to a position with the Government. Testan, 424 U.S. at 404; see Griswold, 61 Fed Cl at 466; Villier v. United States, 17 Cl. Ct. 341 (1989).

The remainder of Mr. Phillips' claims do not present a claim for money damages that are presently due. Instead, the settlement agreement explicitly provides that the exclusive remedy

for the agency's alleged non-compliance with the agreement is reinstatement of Mr. Phillips' EEO complaint, a remedy this Court cannot provide. DA2. Specifically, the EEOC regulations explicitly incorporated into the settlement agreement provide that if a complainant believes that the agency has failed to comply with the terms of a settlement agreement "[t]he complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504.

Accordingly, when EEOC settlement agreements contain reference to EEOC regulations governing remedies, monetary damages are generally not available for breach of a Title VII settlement agreement. See Schnelle, 69 Fed. Cl. at 467 (stating "[t]he settlement agreements at issue do not mandate the payment of monetary compensation by the government to the plaintiff for a breach of the agreements. Rather, the settlement agreements provide that, in the case of non-compliance with the agreements, the plaintiff may request compliance with the agreements or reinstatement of the EEOC complaints."); but see Westover v. United States, 72 Fed. Cl. 635, 639-40 (2006) (stating that the settlement agreement did not prescribe the proper forum for breach of contract but finding, nevertheless, that plaintiff failed to state a claim and noting that the Court lacked the power to reinstate the discrimination claim).

Mr. Phillips has pointed to no authority supporting his claim that this Court possesses jurisdiction. Moreover, he has not argued how his case meets all of the elements establishing jurisdiction under the Tucker Act, or shown how a cosmetic change in the jurisdiction statute cited in the pleadings will change this defect. The burden of establishing the Court's subject matter jurisdiction rests with the party seeking to invoke it. Wilson v. U.S., 58 Fed. Cl. 760, 762

(2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005). Plaintiff's amended complaint presented him with an opportunity to establish this Court's subject matter jurisdiction. The Court should dismiss plaintiff's claims for failure to establish subject matter jurisdiction or failure to state a claim.

III. The Complaint Fails To State A Claim Because Mr. Phillips Cannot Show, Based On The Facts Alleged, That The Air Force Breached The Agreement Or Fraudulently Induced Him Into Entering The Agreement

In the event that this Court finds that it possesses jurisdiction over Mr. Phillips' claim for breach of the settlement agreement, this Court must still dismiss the complaint because, even assuming the truth of the matters alleged, Mr. Phillips cannot show a breach of the settlement agreement.

Mr. Phillips alleges that the settlement agreement required the Air Force to "look for reassignment for [Mr.] Phillips to another position out of his branch that has career advancement potential." Am. Compl. ¶8. Mr. Phillips argues that the settlement agreement has been breached when he voluntarily agreed to be reassigned to a position that, according to him, had no career potential. Am. Compl. ¶9. Mr. Phillips alleges a breach by "failing to place him in a position that has career potential." Am. Compl. ¶ 17. However, the terms of the settlement agreement did not require the Air Force to actually place him in a career-potential position, only to look for such a position. DA2. Mr. Phillips has not alleged that the Air Force did not look for a position for him. Accordingly, he has failed to state a claim because, based on the allegations in the complaint, there has been a breach of the settlement agreement.

Mr. Phillips also argues that he was fraudulently induced into entering the settlement agreement. Am. Compl. ¶¶ 17; 20. Mr. Phillips claims that the Air Force made "false and fraudulent representations . . . to induce him to enter the settlement agreement." Am. Compl. ¶

20. Because Mr. Phillips does not specify any fraudulent representations, he has not met the pleading standard required by Rule 9(b). "[P]laintiffs alleging fraud must specify the time, place and content of a false representation or fraudulent act, and the full nature thereof. Conclusory language asserting fraud is insufficient." Baskett v. United States, 2 Cl. Ct. 356, 366 (1983) (dismissing fraud allegation where, among other things, the complaint did not identify particular Government employee who engaged in alleged fraud.)

To the extent that Mr. Phillips is referring to the alleged representation that his position was being abolished, however, Mr. Phillips has not alleged facts which show that such a statement induced him into entering the settlement agreement. Mr. Phillips alleges that he relied on alleged statements that his position was being abolished when he agreed to be reassigned. Am. Compl. ¶ 10. However, as demonstrated above, reassignment was not part of the settlement agreement. Am. Compl. ¶ 8. Accordingly, based on the facts alleged in the complaint, Mr. Phillips cannot show that any alleged agency misrepresentation that he has identified in the complaint induced him into entering the settlement agreement.

## CONCLUSION

For the above and foregoing reasons, defendant respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

CAPT Ryan Lambrecht
AFLOA/JAGC
Department of the Air Force
1501 Wilson Blvd, 7th floor
Arlington, VA 22209

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-2228
Fax: (202) 514-8624

April 18, 2007

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on this 18th day of April, 2007, a copy of the foregoing "DEFENDANT'S RENEWED MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Tara K. Hogan