06-509C

Judge Hewitt

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

CHRISTOPHER PHILLIPS

Plaintiff,

v.

THE UNITED STATES

Defendant

---

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS

---

R. JOHN WESTBERRY
1308 Dunmire Street, Suite B
Pensacola, Florida 32504
Tele: (850) 473-0401

Attorney for the Plaintiff
CHRISTOPHER PHILLIPS

# TABLE OF CONTENTS

PLAINTIFF'S BRIEF....................................................................................................4

STATEMENT OF THE ISSUES AND CASE...................................................................4

SUMMARY OF THE ARGUMENT.................................................................................5

ARGUMENT......................................................................................................................6

CONCLUSION...................................................................................................................7

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Barbara v. N.Y. Stock Exch., 99 F.3 49, 56 (2nd Cir. 1996.

Caribbean Broad Sys. Ltd v. Cable & Wireless PLC,
149 F.3d 1080 (D.C. Cir. 1998)....................................................................6

Conley v. Gibson,
335 U. S. 41, 45-46, 78 S. Ct. 99, 2 L. ED. 2d 80 (1957)....................................6

Thompson v. Carter, 284 F.3d 411, 415 n.2 (2nd Cir. 2005)............................................6

**RULES**

Rule 15(a) of the Rules of the Court of Federal Claims (2006)........................................6

**PLAINTIFF'S BRIEF**

**STATEMENT OF THE ISSUES AND OF THE CASE**

The Plaintiff accepts the Statement of the Issues and the Statement of the Case, as set out in the Defendant's Brief.

## SUMMARY OF THE ARGUMENT

______The Plaintiff's complaint should not be dismissed for lack of subject matter jurisdiction and/or for failure to state a cause of action upon which relief can be granted. However, if the complaint is dismissed, the dismissal should be without prejudice to allow Plaintiff to file an amended complaint.

______

## ARGUMENT

**Legal Standards Pursuant to RCFC 12(b)(1) and 12(b)(6)**

A complaint should not be dismissed for failure to state a claim unless, taking as true the facts alleged in the complaint, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 335 U. S. 41, 45-46, 78 S. Ct. 99, 2 L. ED. 2d 80 (1957). The issue presented by a motion to dismiss in not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Caribbean Broad Sys. Ltd. v. Cable & Wireless PLC, 149 F.3d 1080, 1086 (D.C. Cir. 1998).

Rule 15(a) of the Rules of the Court of Federal Claims (RCFC) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." RCFC 15(a) (2006). A motion to dismiss is not a responsive pleading. See Thompson v. Carter, 284 F.3d 411, 415 n.2 (2nd Cir. 2005); Barbara v. N.Y. Stock Exch., 99 F.3 49, 56 (2nd Cir. 1996.

**CONCLUSION**

______The Plaintiff's complaint should not be dismissed for lack of subject matter jurisdiction and/or for failure to state a cause of action upon which relief can be granted. However, if the complaint is dismissed, the dismissal should be without prejudice to allow Plaintiff to file a second amended complaint.

Respectfully submitted,

R. JOHN WESTBERRY
1308 Dunmire Street, Suite B
Pensacola, Florida 32504
Tele: (850) 473-0401

Attorney for the Plaintiff
CHRISTOPHER PHILLIPS

**CERTIFICATE OF FILING AND SERVICE**

I HEREBY CERTIFY that on the 9th day of May, 2007, a copy of the foregoing "Plaintiff's Brief in Opposition to Defendant's Renewed Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ R. John Westberry