**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHRISTOPHER R. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-509 C |
| | ) | |
| v. | ) | (Judge Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE**
**TO DEFENDANT'S RENEWED MOTION TO DISMISS**

Defendant, the United States, respectfully submits its reply to the plaintiff's May 9, 2007 response ("Pl. Resp.") to the defendant's renewed motion to dismiss, pursuant to Rule 12(b) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons outlined in our opening motion, this Court should grant the defendant's motion to dismiss.

On November 6, 2006, the defendant first moved to dismiss the complaint on the grounds that this Court did not possess jurisdiction over the complaint, or alternatively, that the complaint failed to state a claim upon which relief could be granted. On February 8, 2007, this Court denied the motion without prejudice in order to allow Mr. Phillips to file an amended complaint. On March 1, 2007, Mr. Phillips filed his first amended complaint. On April 18, 2007, the United States renewed its motion to dismiss.

## DISCUSSION

In his response to the defendant's renewed motion to dismiss, Mr. Phillips did not address any of the substantive arguments defendant made for why Mr. Phillips's complaint should be dismissed for lack of jurisdiction or, in the alternative, for failure to state a claim. Accordingly, this Court can decide the issues raised based on the United States's renewed motion to dismiss alone.

Mr. Phillips also requests that if this Court does dismiss his complaint, that the Court do so without prejudice so that he can file an amended complaint. Pl. Resp. at 7. As a general matter, if a court lacks subject matter jurisdiction over a claim, it should dismiss that claim without prejudice. Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572 (Fed. Cir.1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). If this Court concludes that it lacks jurisdiction over Mr. Phillips's complaint, or a portion thereof, the United States does not object to dismissal of the complaint without prejudice. However, if this Court finds that the complaint fails to state a claim, dismissal on that basis warrants dismissal with prejudice because such a dismissal operates as an adjudication of the merits of Mr. Phillips' claim. Amoco Oil Co. v. United States, 234 F.3d 1374, 1376 (Fed. Cir. 2000); Gould, Inc. v. United States, 67 F.3d 925, 929 (Fed. Cir. 1995).

Granting leave to amend is trusted to the sound discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962); Hickman v. United States, 43 Fed. Cl. 424, 439 (1999). While leave to amend is ordinarily "freely given when justice so requires," RCFC 15(a), the Court should not automatically grant leave in every case. The circumstances surrounding plaintiff's request to amend its complaint are relevant. "If a plaintiff fails to correct a pleading when given the opportunity to do so, such as during a prior amendment of a complaint, when information necessary for such an amendment was available," leave to amend is improper. Forestry Surveys & Data v. United States, 44 Fed. Cl. 485, 489-90 (1999).

Mr. Phillips's general request that he be permitted another opportunity to amend his complaint fails to specify how he will remedy his complaint. Mr. Phillips also fails to indicate

the reasons why an amendment is necessary or the ways in which that amendment would help him establish his claims or to establish that this Court possesses jurisdiction over his claims, particularly given that this Court has already granted Mr. Phillips one opportunity to amend his complaint to address the very same claimed jurisdictional deficiencies the Government identified in its first motion to dismiss, filed on November 6, 2006. Accordingly, the defendant respectfully opposes Mr. Phillips's request, through counsel, that he should be permitted to amend his complaint a second time.

## CONCLUSION

For the foregoing reasons and for the reasons given in our opening brief, defendant respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

CAPT Ryan Lambrecht
AFLOA/JAGC
Department of the Air Force
1501 Wilson Blvd, 7th floor
Arlington, VA 22209

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-2228
Fax: (202) 305-7643

May 25, 2007

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on this 25th day of May 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/Tara K. Hogan