# In the United States Court of Federal Claims

No. 06-509

(E-Filed: July 25, 2007)

| | |
|---|---|
| CHRISTOPHER R. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Title VII; Settlement Agreement; Motion to Dismiss for Lack of Jurisdiction; Motion to Dismiss for Failure to State a Claim; Money-Mandating Source; RCFC 15(a) Leave to Amend; 28 U.S.C. §1631; Retransfer to the District Court; Whipsaw Litigation Positions of the Government |

Richard John Westberry, Pensacola, FL, for plaintiff.

Tara K. Hogan, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Captain Ryan Lambrecht, AFLOA/JAGC, Department of the Air Force, Arlington, VA, of counsel.

OPINION AND ORDER

HEWITT, Judge

Plaintiff seeks enforcement of the terms of a Discrimination Complaint Settlement Agreement (Agreement) entered into with defendant to settle his complaint of gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (2000), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Amended Complaint (Am. Compl.), Mar. 1, 2007, 1.

## I. Background

### A. Procedural History

This case was originally filed in the District Court for the Northern District of Florida (District Court) on November 4, 2005. In response to a motion by defendant to the District Court, filed March 20, 2006, to dismiss the claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for lack of jurisdiction, Defendant's Motion to Dismiss and Memorandum and Points of Authorities in Support of [sic] 1, Phillips v. Dominguez, Case #: 3:05-cv-00416-RV-EMT (N.D. Fla. Mar. 20, 2006), plaintiff requested transfer of the case to the United States Court of Federal Claims on March 30, 2006. Plaintiff's Consent Motion to Transfer Case to the United States Court of Federal Claims, Phillips v. Dominguez, Case #: 3:05-cv-00416-RV-EMT (N.D. Fla. Mar. 30, 2006). The District Court issued a Referral and Order transferring the case to this court. Referral and Order, Phillips v. Dominguez, Case #: 3:05-cv-00416-RV-EMT (N.D. Fla. Apr. 4, 2006)

Upon receipt of the case by this court, defendant again moved to dismiss plaintiff's claim for lack of jurisdiction. Defendant's Motion to Dismiss Plaintiff's Complaint (Mot. Dismiss), Nov. 3, 2006, 1. A copy of the Agreement between plaintiff and defendant and other documents relevant to plaintiff's claim (letter of reassignment, findings of Equal Employment Opportunity (EEO) officer review and Equal Employment Opportunity Commission (EEOC) review) are included in the Appendix to Defendant's Motion to Dismiss. Appendix to Defendant's Motion to Dismiss (App. Mot. Dismiss or appendix), Nov. 3, 2006, passim.[1] Plaintiff had the opportunity to dispute the facts asserted by

---

[1]The terms of the Discrimination Complaint Settlement Agreement (Agreement) are summarized in plaintiff's amended complaint. Amended Complaint (Am. Compl.), March 1, 2007, 2. In addition, the Appendix to Defendant's Motion to Dismiss contains a full copy of the Agreement. Appendix to Defendant's Motion to Dismiss Plaintiff's Complaint (App. Mot. Dismiss), Nov. 3, 2007, 1-3. The provision of the Agreement regarding reassignment that plaintiff alleges has been breached is ¶ 3a on page 1 of the Agreement. App. Mot. Dismiss 1; see Am. Compl. 2. Although plaintiff's Amended Complaint refers to the provision as "paragraph

(continued...)

defendant based on documents in the appendix and the authenticity of the Agreement and other documents in the appendix but did not do so. See Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (Pl.'s Br. Opp'n), Nov. 29, 2007, passim; Am. Compl., passim. Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss merely requested leave to amend the complaint in the event the court found it lacked jurisdiction to hear the case. Pl.'s Br. Opp'n, 5-7. This court issued an Order granting plaintiff's request for leave to file an amended complaint to cure deficiencies in the original complaint. Order, Feb. 8, 2007, 1. Plaintiff filed his Amended Complaint March 1, 2007. Am. Compl. 1.

Now before this court is Defendant's Renewed Motion to Dismiss in response to plaintiff's Amended Complaint. Defendant's Renewed Motion to Dismiss (Renewed Mot. Dismiss), April 18, 2007; see Am. Compl. Defendant moves to dismiss plaintiff's Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Rules of the Court of Federal Claims (RCFC) and, alternatively, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). Renewed Mot. Dismiss 1. Defendant continues to rely on the materials contained in the Appendix to Defendant's Motion to Dismiss filed November 3, 2006. Renewed Mot. Dismiss 1. Defendant also relies on the statement of facts contained in Defendant's Motion to Dismiss filed November 3, 2006 by incorporating it into Defendant's Renewed Motion to Dismiss filed April 18, 2007. Renewed Mot. Dismiss 1; see Mot. Dismiss 2-5. The responsive briefing comprises Plaintiff's Brief in Opposition to Defendant's Renewed Motion to Dismiss (Pl.'s Renewed Br. Opp'n), filed May 9, 2007, and Defendant's Reply to Plaintiff's Response to Defendant's Renewed Motion to Dismiss, filed May 25, 2007. For the following reasons, the court finds that it lacks jurisdiction of this case and ORDERS RETRANSFER of the case to the District Court for the Northern District of Florida.

B. The Settlement Agreement

Plaintiff and the United States, acting through the Air Force (Agency or government or defendant), entered into an Agreement on March 4, 2004 to resolve an EEO complaint alleging gender discrimination. Am. Compl. 2. At the time the Agreement was entered into, plaintiff was employed as a GS-855-12 electrical engineer in the Air Armament Center (AAC), Range Instrumentation Systems Program Office

[1](...continued)
d," the court will refer to it as ¶ 3a, as designated in the Agreement. App. Mot. Dismiss 1; see Am. Compl. 2.

(RISPO), Foreign Military Sales (FMS) Branch.[2] Mot. Dismiss 2; Am. Compl. 2; App. Mot. Dismiss 14. In exchange for the withdrawal of plaintiff's EEO complaint, the Agency agreed to: reassign plaintiff's supervisor out of AAC/YBR/FMS within 60 days, submit plaintiff for a quality step increase within 60 days, research the viability of tuition assistance for an MBA degree, look for reassignment for plaintiff to another position out of YBR with career advancement potential, and keep plaintiff apprised of the progress at least monthly. App. Mot. Dismiss 1; Am. Compl. 2. The Agreement also included procedures to be followed in the event that plaintiff believed there was a breach and referenced the relevant federal regulations (29 C.F.R. § 1614.504 (2003)). App. Mot. Dismiss 2.

Plaintiff was reassigned to a different GS-855-12 engineering position in another division in the AAC, Directorate of Engineering (EN), in the YV branch on April 19, 2004.[3] Renewed Mot. Dismiss 2. Plaintiff agreed to be reassigned to the new position. Am. Compl. 2. Plaintiff alleges that his reassignment to the new position violated the Agreement in two ways. First, plaintiff alleges that the reassignment breached the agreement because the new position has no career advancement potential. Id. at 3. Second, plaintiff alleges that the reassignment breached the Agreement because the Agency fraudulently advised him that his old position was being abolished. Id. at 2-3.

On September 27, 2004, the Agency advertised a vacancy in plaintiff's former YBR division for a GS-801-13 Systems Development Engineer. See App. Mot. Dismiss 5. Plaintiff alleges that the advertised position was plaintiff's previous position in the YBR division upgraded to the GS-13 level. Am. Compl. 3; App. Mot. Dismiss 15. Plaintiff applied for but was not hired for the position. Am. Compl. 3. Plaintiff was included on the certificate of eligible candidates for the GS-13 position, but the Agency

---

[2]The Agreement refers to plaintiff's former position as being located in "AAC/YBR/FMS" in ¶ 2a and in ¶ 3a as simply "YBR." See App. Mot. Dismiss 1. Defendant refers to plaintiff's former division as AAC/RISPO/FMS. Defendant's Motion to Dismiss Plaintiff's Complaint (Mot. Dismiss), Nov. 3, 2006, 2. YBR is not defined in either plaintiff's or defendant's briefing. However, the court finds that the exact title of the division or branch plaintiff worked in when entering into the Agreement does not affect the jurisdictional analysis that follows. The information before the court is sufficient to show that the two positions occupied by the plaintiff are in different organizations - the only fact that is relevant to the terms of the Agreement. The court will refer to the organizational location of plaintiff's original position as YBR, as it is referred to in ¶ 3a of the Agreement. See App. Mot. Dismiss 1.

[3]YV is not defined in either plaintiff's or defendant's briefing. As discussed in footnote 2, the court finds that it has sufficient information before it to complete its jurisdictional analysis.

elected not to select any of the candidates listed as eligible on the certificate.[4] App. Mot. Dismiss 5. Plaintiff states that a lateral transfer of personnel rather than the promotion of one of the eligible candidates on the list was used to fill the vacancy. See Am. Compl. 3; App. Mot. Dismiss 6.

On December 14, 2004, plaintiff filed an appeal alleging that the government was in breach of the agreement with his EEO officer, in accordance with the procedures contained in the Agreement. See App. Mot. Dismiss 2, 9-12. The EEO officer investigated the allegation and determined that "no breach of the settlement agreement occurred." Id. at 12. The Agreement further specifies that if plaintiff "is not satisfied with the Agency's attempt to resolve the matter, [plaintiff] may appeal to the [EEOC] for a determination as to whether the Agency has complied with the terms of this Agreement." Id. at 2. Plaintiff then filed an appeal with the EEOC, and the EEOC found that plaintiff "has not shown a breach of the settlement agreement" on June 14, 2005. Id. at 16. Finally, plaintiff requested that the EEOC reconsider its decision. Id. at 19. The EEOC denied plaintiff's reconsideration request on August 3, 2005. Id. at 19-20. The initial EEOC decision informed plaintiff of his right to file suit in District Court and plaintiff did so in November, 2005. Id. at 17.

## II. Discussion

### A. Standard of Review

RCFC 12(b)(1) governs the dismissal of claims for lack of subject matter jurisdiction. In deciding on a motion to dismiss, "the court [is] obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). However, the burden of proof of establishing jurisdiction is borne by the plaintiff. McNutt v. Gen. Motors, 298 U.S. 178, 189 (1936). If the defendant challenges jurisdictional facts, the plaintiff must

---

[4] It is the understanding of the court that, pursuant to regulations issued by the Office of Personnel Management, a list of candidates eligible for advertised vacancies in federal agencies is prepared by the human resources office for the official in charge of hiring. See 5 C.F.R. § 330.207 (2006). Each eligible candidate on the list is assigned a numerical score that includes additional preference points for being a veteran (if applicable). See id.; 5 U.S.C.A § 2108 (2000). If the hiring official chooses to select a candidate from the list, the hiring official must choose one of the candidates with the top three numerical scores and must give preference to veterans on the list unless certain exceptions apply. See 5 C.F.R. § 330.207. However, a hiring official is not required to select a person from the list of eligible candidates and can return the certification without action. See, e.g., App. Mot. Dismiss 8.

support them with "competent proof." Id. The plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Jurisdiction is a threshold matter and a case can proceed no further if the court lacks jurisdiction to hear it. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). RCFC 12(b)(6) governs the dismissal of a claim for the failure to state a claim upon which relief can be granted. The court will not dismiss a complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B. Jurisdiction of the United States Court of Federal Claims

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. See United States v. King, 395 U.S. 1, 3 (1969). The Tucker Act is the primary statute establishing the jurisdiction of the court. 28 U.S.C. § 1491(a)(1). In relevant part, the statute provides that this court "shall have jurisdiction to render judgment upon any claim against the United States founded upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." Id. "'A settlement agreement is a contract. . . .'" Lutz v. United States Postal Serv., 485 F.3d 1377, 1381 (Fed. Cir. 2007) (quoting Lary v. United States Postal Serv., 472 F.3d 1363, 1367 (Fed. Cir. 2006)); Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988) ("It is axiomatic that a settlement agreement is a contract."). The Agreement between plaintiff and the United States, being an express contract, meets the first jurisdictional test under the Tucker Act.

However, plaintiff must establish more than the mere existence of a contract to bring himself within the jurisdiction of this court. Claims that are "not limited to actual, presently due money damages from the United States," fall outside the jurisdiction of this court. King, 395 U.S. at 3. The Tucker Act provides the waiver of sovereign immunity necessary to sue the United States for money damages, but the plaintiff must establish an independent substantive right to money damages from the United States based on the provision of the contract itself in order for the case to proceed. See United States v. Testan, 424 U.S. 392, 398 (1976). To determine whether the plaintiff has such a substantive right, the court must examine the alleged source of the right, in this case the Agreement, to see if it "can fairly be interpreted as mandating compensation by the Federal Government." Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 607 (1967). Or, as stated by the Federal Circuit, the alleged source of the substantive right to money damages must "be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be 'lightly inferred,' . . . a fair inference will do." Fisher v. United States (Fisher), 402 F.3d 1167, 1173-74 (Fed.

Cir. 2005) (en banc) (quoting United States v. White Mountain Apache Tribe, 537 U.S. 465, 472-73 (2003) (emphases and omission in original)).

The Federal Circuit recently clarified that in Fisher it considered three grounds on which the government "might file a motion to dismiss in a Tucker Act case: (1) lack of subject matter jurisdiction due to the lack of a money-mandating source; (2) failure to state a claim upon which relief can be granted due to lack of a money-mandating source; and (3) failure to state a claim upon which relief can be granted because the plaintiff is ultimately not entitled to recover money damages under the statute." Greenlee County vs. United States, 487 F.3d 871, 876 (Fed. Cir. 2007). The Federal Circuit reiterated that this court is to resolve motions to dismiss under grounds one and two "by a 'single step' at the outset of the case and 'the determination that the source is money-mandating shall be determinative both as to the question of the court's jurisdiction and thereafter as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action." Id. (quoting Fisher, 402 F.3d at 1172-73). Therefore, if the Agreement is not reasonably amenable to being interpreted to constitute a money-mandating source, this court must dismiss the case due to the lack of subject matter jurisdiction. The court now turns to the Agreement between plaintiff and defendant to determine whether it can fairly be interpreted as money-mandating.

C. The Settlement Agreement Cannot Fairly Be Interpreted as Money-Mandating

1. The Provisions Regarding Breach of the Agreement Do Not Create A Right to Money Damages

The Agreement contains explicit provisions concerning procedures to be followed in the event that the plaintiff believes the government violated the provisions of the Agreement. See App. Mot. Dismiss 2. Notably, the Agreement does not mandate the payment of damages for its breach. See id. Instead, the Agreement specifies that if plaintiff believes the government is in breach of the terms of the Agreement, plaintiff must notify plaintiff's EEO officer in writing within 30 days. Id. The Agreement further provides that if plaintiff "is not satisfied with the Agency's attempt to resolve the matter, [plaintiff] may appeal to the [EEOC] for a determination as to whether the Agency has complied with the terms of this Agreement." Id. As outlined above in Part I.B, plaintiff notified his EEO officer and later appealed to the EEOC and neither found that the government was in breach of the Agreement. App. Mot. Dismiss at 12, 15-16. The Agreement does not provide plaintiff with any additional remedy. See id. at 2. The court does not believe the procedures included in the Agreement concerning plaintiff's rights in

the event of a breach can be construed as creating a "fair inference" that the Agreement is a money-mandating source. See Fisher 402 F.3d at 1174.

2. The Breach of ¶ 3a of the Agreement Does Not Create a Right to Money Damages

The court next examines the specific provision of the Agreement that plaintiff alleges was breached to determine if a breach of that provision can fairly be interpreted to create a right to money damages. "[A] settlement agreement is a contract, of course, and its interpretation is a matter of law." Mays v. United States Postal Serv., 995 F.2d 1056, 1059 (Fed. Cir. 1993) (citing Greco v. Dep't of the Army, 852 F.2d at 560; see also Lutz, 485 F.3d at 1381; Giove v. Dep't of Transp., 230 F.3d 1333, 1340 (Fed. Cir. 2000). The court gives the terms of the Agreement their ordinary meaning unless otherwise provided for in the contract. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998). The court must determine whether the terms of the Agreement are ambiguous, thus making the terms susceptible to more than one reasonable interpretation. Giove, 230 F.3d at 1340-41. If an agreement is clearly written and the terms are unambiguous, the role of the court is to effectuate the mutual intent of the parties embodied in the agreement when interpreting its terms. See Conant v. Office of Pers. Mgmt, 255 F.3d 1371, 1376 (Fed. Cir. 2001).

Plaintiff alleges that the government violated ¶ 3a of the Agreement. Am. Compl. 2-3. Paragraph 3a of the Agreement provides in its entirety that the Agency agrees "[t]o look for reassignment for Mr. Phillips to another position out of YBR that has career advancement potential." App. Mot. Dismiss 1. Plaintiff alleges that the government breached this provision by reassigning him to a position without career advancement potential and by fraudulently advising him that his position would be eliminated to induce him into accepting the reassignment. Am. Compl. 3. Plaintiff does not allege that defendant failed to look for a position with career advancement potential, but rather, that the position to which plaintiff was reassigned did not have career advancement potential. Am. Compl. passim. For the purposes of this jurisdictional analysis, the court assumes that the facts alleged in the complaint are true. Henke, 60 F.3d at 797.

Viewing ¶3 a of the Agreement in the light most favorable to the plaintiff, the court cannot hold that the breach of the duty to "look for reassignment" could entitle the plaintiff to presently due money damages. The meaning of the phrase "look for reassignment" is not ambiguous. The plain meaning of the phrase "look for" means "to search for; seek." American Heritage Dictionary 1032 (4th ed. 2000). The only action required of the government by ¶ 3 a of the Agreement was that it search for another position for plaintiff. Breach of that duty, if the government did in fact breach it, cannot

be construed to create a substantive right to money damages from the defendant. Defendant is correct that it is not enough merely to assert a claim to money damages, Renewed Mot. Dismiss 8, and plaintiff has done no more than make that assertion. Plaintiff requests that the court "[a]ward plaintiff damages for the breach of the agreement." Am. Compl. 4. Plaintiff's briefing provided the court no assistance in ascertaining how the breached provision of the Agreement could be fairly interpreted as creating a right to money damages. The court agrees with defendant that plaintiff has failed to establish a substantive right of recovery to money damages from the United States.

3. The Regulations Referenced in the Agreement Do Not Include Money Damages as a Remedy for Breach

Nor do the two remedies provided by the federal regulations referenced in the Agreement create a right in plaintiff to money damages. See App. Mot. Dismiss 2; 29 C.F.R. § 1614.504(a). According to the regulations, the plaintiff can "request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." Id. Because neither the EEO officer or the EEOC found that the government had violated the agreement, neither of those remedies was provided. App. Mot. Dismiss 12-20. Assuming for the purposes of this jurisdictional analysis that defendant did in fact breach the agreement, it is still not reasonable to believe that either of those remedies would entitle the plaintiff to money damages to bring the claim within the jurisdiction of this court. If specific implementation of the terms of the Agreement were the remedy requested, the Agency would be required to look for a reassignment to a position with career advancement potential. Breach of that duty does not create a right to money damages. The court does not believe that reinstatement of the original complaint would create a right for plaintiff to recover money from the defendant. This court lacks jurisdiction over claims alleging discrimination, as discussed in Part II.C.4 below. The court finds that the regulations referenced in the Agreement do not assist plaintiff in establishing that this court has jurisdiction to hear this claim.

4. The Court of Federal Claims Lacks Jurisdiction Over Claims of Discrimination

It appears to the court from plaintiff's Amended Complaint that plaintiff may be alleging that defendant has continued to discriminate against him subsequent to entering into the Agreement. Plaintiff states that he is "now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices." Am. Compl. 3 (emphasis added). This court lacks jurisdiction to hear claims

alleging employment discrimination against federal employers. Title VII of the Civil Rights Act provides the exclusive judicial remedy for federal employees alleging discrimination. Brown v. Gen. Servs. Admin., 425 U.S. 820, 832-35 (1976). Federal district courts have exclusive jurisdiction over Title VII discrimination claims. Jackson v. United States, 10 Cl. Ct. 691, 694 (1986); Griswold v. United States, 61 Fed. Cl. 458, 465 (2004).

5. The Court of Federal Claims Lacks Jurisdiction to Grant Purely Equitable Relief

It is well established that this court does not have the power to grant general equitable relief. Doe v. United States, 372 F.3d 1308, 1312-14 (Fed. Cir. 2004). The Tucker Act does, however, provide this court with authority to grant equitable relief in limited circumstances. The Tucker Act states that

> [t]o provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. §1491(a)(2). Pursuant to that provision, this court has the power to grant reinstatement only "as an incident of and collateral to" a judgment against the United States for money damages. Id. Here there are no money damages owed by defendant to plaintiff to which the equitable relief of reinstatement to plaintiff's former position could be attached.[5]

Because the court lacks jurisdiction of this case, the court cannot evaluate the merits of defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

D. Leave to Amend the Complaint

---

[5]Even if plaintiff were able to establish a right to presently due money damages, it is not clear that this court has jurisdiction to appoint plaintiff to a position at a grade level to which the Agency never appointed him. United States v. Testan, 424 U.S. 392, 402 (1976); see United States v. Fausto, 484 U.S. 439, 454 (1988); Tierney v. United States, 168 Ct. Cl. 77, 80 (1964); Westover v. United States, 71 Fed. Cl. 635, 640 (2006).

Plaintiff's Brief in Opposition to Defendant's Renewed Motion to Dismiss requests that should the court dismiss the complaint, the dismissal be without prejudice and that plaintiff be allowed to file an amended complaint. Pl.'s Renewed Br. Opp'n 5. RCFC 15(a) states in relevant part that a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is filed and otherwise only by leave of the court which should be freely given "when justice so requires." Id. Plaintiff has already amended his complaint once in the attempt to cure jurisdictional pleading deficiencies. See Am. Compl.

Justice requires that leave for amendment be freely given. When "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). However, if the court believes a proposed amendment would be futile, justice does not require that leave to amend be granted. See id.; Leider v. United States, 301 F.3d 1290, 1299 n.10 (Fed. Cir. 2002) (upholding the district court's dismissal of a claim without allowing leave to amend because the amendment would have been futile). Further, plaintiff's request for leave to amend is general and does not provide the court with any specific statement of why an amendment is necessary or the ways in which an amendment would assist plaintiff in establishing that this claim falls within the jurisdiction of this court. See Rivera Agredano v. United States, 70 Fed. Cl. 564, 580 (2006). It is the view of the court that allowing plaintiff to amend his complaint again would be futile. The Agreement on which plaintiff relies is before the court. The interpretation of the Agreement is a matter of law. Mays, 995 F.2d at 1059. It is not reasonable to expect that additional facts provided by plaintiff could alter the interpretation of the Agreement by the court so that the court could fairly infer that the Agreement provides a substantive right to money damages.[6]

---

[6]Because the court lacks jurisdiction to hear this case, it will not examine the substance of plaintiff's fraud claim. However, the court notes that claims involving allegations of fraud are subject to a higher pleading standard than most claims in federal court. Rules of the Court of Federal Claims (RCFC) 9(b). The pleading standard for allegations of fraud in the district court is the same as the pleading standard in the Court of Federal Claims. Compare Fed. R. Civ. P. 9(b), with RCFC 9(b). In fact, the rules require that in all averments of fraud "the circumstances constituting fraud or mistake . . . be stated with particularity." RCFC 9(b). The reason for this higher pleading standard is three-fold: to give a defendant notice of the acts and to enable a defendant to create an effective response and defense, to prevent baseless and irresponsible charges that can damage reputations, and to ensure that the charges are based on reasonable beliefs that wrongs were committed. See G&H Tech. v. United States, 8 Cl. Ct. 572, 574 (1985); Tyger Constr. Co. v. United States, 28 Fed. Cl. 35, 53 (1993). Allegations of fraud must state the time, place, content and other relevant circumstances surrounding the alleged fraud in order to

(continued...)

III. Retransfer to the District Court

A. Requirement to Transfer

Pursuant to 28 U.S.C. § 1631, when this court lacks jurisdiction to hear a claim, it is required to transfer the claim to a court where it could have been brought. In relevant part, the statute provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought.[7]

28 U.S.C. § 1631. The court has found that there is a want of jurisdiction and believes that it is in the interest of justice that this case be retransferred to the District Court for the Northern District of Florida.

B. Defendant's Whipsaw Litigation Position

This case was transferred to this court from the District Court because defendant moved to dismiss plaintiff's claim on the grounds that the United States Court of Federal Claims has exclusive jurisdiction over this case because plaintiff's claim is a contract claim against the government for more than $10,000. See Defendant's Motion to Dismiss and Memorandum and Points of Authorities in Support of [sic] 4, Phillips v. Dominguez, Case #: 3:05-cv-00416-RV-EMT (N.D. Fla. Mar. 20, 2006). Based on defendant's

---

[6](...continued)
meet the requirements of RCFC 9(b). See Baskett v. United States, 2 Cl. Ct. 356, 366 (1983). If the allegations of fraud are not specific enough in the complaint, the remedy is generally an order requiring particularity. Jana, Inc. v. United States, 41 Fed. Cl. 735, 741 (1998). Dismissal is not usually ordered unless the case is at the trial stage or if the party alleging fraud has been given several opportunities to provide particulars and has failed to do so. Id. In this case, the court does not perceive how amendments made to provide particularities regarding the fraud allegations could alter its jurisdictional analysis.

[7]According to section 610 of this title [28 U.S.C.], the word "courts" includes both the district courts and United States Court of Federal Claims. 28 U.S.C. § 610.

motion, plaintiff consented to transfer of the case to this court.[8] Once the case was received in this court, the defendant adopted an inconsistent position, arguing that this court lacks jurisdiction to hear the case for a number of reasons, including, in particular, that the claim is for equitable relief and not for presently due money damages. Renewed Mot. Dismiss 3.

In cases where a defendant has taken shifting positions regarding the jurisdiction of this court and attempted to do what might be construed as "whipsaw[ing] an opponent," this court has held that granting the defendant the relief it seeks by dismissing the case would be unfair. Drury v. United States (Drury), 52 Fed. Cl. 402, 406 (2002).

> This court has held that dismissing a case upon a finding of lack of jurisdiction rather than ordering a retransfer would "visit a manifest injustice" where a defendant takes the position that this court has exclusive jurisdiction over a matter before a district court, and then upon transfer to this court argues that this court maintains no jurisdiction.

Id. (citing A&S Council Oil Co. v. United States, 16 Cl. Ct. 743, 749 (1989); Nat'l Med. Enters. v. United States, 28 Fed. Cl. 540, 545 (1993)). The court believes that the government should avoid taking a litigating position that opens it up to the criticism that it has whipsawed an opponent both because it is unfair to the plaintiff and because it wastes the resources of the plaintiff, the executive branch and the judiciary. See Drury, 52 Fed. Cl. at 406 (citing Clark v. United States, 229 Cl. Ct. 570, 576-77 (1981)). However, the court bases its decision to retransfer solely on whether it has jurisdiction under applicable law and not on the defendant's litigation position. Drury, 52 Fed. Cl. at 406; see Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988). Jurisdiction to hear a case is a threshold issue and this court cannot expand its jurisdiction, even in the interest of justice. Christianson, 486 U.S. at 818.

The court is aware of the general judicial preference against retransfer back to a district court of origin primarily because of the likely futility of retransfering a case if the original court already denied jurisdiction. Drury, 52 Fed. Cl. at 405. However, in this case, as in Drury, it does not appear that the District Court made a final determination regarding its jurisdiction, but rather merely granted plaintiff's consent motion to transfer.

---

[8]In response to defendant's motion to dismiss, plaintiff filed a motion consenting to the transfer of the case. Plaintiff's Consent Motion to Transfer Case to the United States Court of Federal Claims, Phillips v. Dominguez, Case #: 3:05-cv-00416-RV-EMT (N.D. Fla. Mar. 30, 2006). The Referral and Order transferring the case from the District Court for the Northern District of Dominguez, Case #: 3:05-cv-00416-RV-EMT (N.D. Fla. Apr. 4, 2006).

Id.; see Plaintiff's Consent Motion to Transfer Case to the United States Court of Federal Claims, Phillips v. Dominguez, Case #: 3:05-cv-00416-RV-EMT (N.D. Fla. Mar. 30, 2006); Referral and Order, Phillips v. Dominguez, Case #: 3:05-cv-00416-RV-EMT (N.D. Fla. Apr. 4, 2006). The retransfer of this case would therefore not be futile. Further, because this court finds that it is in the interest of justice to retransfer this case to the District Court, it is required by 28 U.S.C. § 1631 to do so.

## IV. Conclusion

For the foregoing reasons, the court lacks jurisdiction of this case. The Clerk of the Court shall RETRANSFER the case to the District Court for the Northern District of Florida.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge